# EXHIBIT 13

LAW OFFICES OF WILLIAM C. REIL
BY: William C. Reil, Esquire
Identification No. 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635           ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| Dr. Orien L. Tulp | : | UNITED STATES DISTRICT |
| President of the | : | COURT FOR THE EASTERN |
| University of Science, Arts, and Technology | : | DISTRICT OF PENNSYLVANIA |
| 4288 Youngfield Street | : | |
| Wheat Ridge, CO 80033 | : | CIVIL ACTION NO. |
| vs. | : | |
| Educational Commission for | : | |
| Foreign Medical Graduates | : | |
| 3624 Market Street | : | |
| Philadelphia, PA 19104 | : | |
| and | : | |
| Dr. William W. Pinsky | : | |
| President and CEO | : | |
| Educational Commission for | : | |
| Foreign Medical Graduates | : | |
| 3624 Market Street | : | |
| Philadelphia, PA 19104 | : | JURY TRIAL DEMANDED |

## COMPLAINT – CIVIL ACTION

## PARTIES

1.  The plaintiff is Dr. Orien L. Tulp, hereafter referred to as "Dr. Tulp", an adult individual whose address for service of process is at 4288 Youngfield Street, Wheat Ridge, CO 80033. At all times material herein, plaintiff was President of the University of Science, Arts, and Technology ("USAT"), and had an ownership interest in the University. USAT is located in Montserrat, but its US administrative office is located at the address in the caption, and students take classes in Montserrat and the US via a distance education format.

2.  A defendant is the Educational Commission for Foreign Medical Graduates, hereafter referred to as "ECFMG" or "the Board", which is an unincorporated association, whose address for service of process is 3624 Market Street, Philadelphia, PA 19104. According to their mission statement, the ECFMG is an organization which purports to certify medical school students and graduates to practice medicine in the United States.

3.   A defendant is Dr. William W. Pinsky, the President and CEO of the ECFMG, whose address for service of process is indicated in the caption. *See* Exhibit A, attached and incorporated herein.

4.   ECFMG is an organization sponsored by various medical organizations, including the Federation of State Medical Boards. Through the ECFMG's certification process, it gives medical students and medical graduates a certification of eligibility (essentially a license) to apply for a ACGME [Accreditation Council for Graduate Medical Education] certified residency program of postgraduate specialty training that can lead to medical licensure of the applicant. A residency program is a certified program that trains students who have graduated from a medical school and taken a series of examinations or tests administered by way of the United States Medical Licensing Examination [the USMLE]. The state medical boards have given ECFMG the power to examine and certify international medical graduates [IMGs] as competent to undertake residency training in the USA. Without the certification (license) from the ECFMG, a foreign medical graduate cannot start the process of being licensed as a physician in the United States.

5.   The action of the ECFMG is in granting authority to apply for a residency program is state action. The ECFMG's authority, which is in essence a license to apply for a residency program, has a close nexus to the various state medical boards. Without the ECFMG certificate, the ACGME postgraduate programs will not permit the applicant to start the training that will in essence allow the gate to be closed to obtaining a medical residency and eventual license to practice medicine in the USA. Without the residency training, the medical graduate cannot obtain a full unrestricted medical license. The state medical boards have granted the power to the ECFMG to screen foreign medical students for licensure. State action is established because of this delegation of screening power. *Jackson v. Metro Edison Co.*, 419 U.S. 345, 351.

6.   The ECFMG has placed itself in a position of interdependence with the state medical boards. The ECFMG cannot be considered to be a private entity because the ECFMG reports to the state medical boards but also reports to the National Practitioner Data Bank. The ECFMG would not exist without the powers delegated by the state medical boards. *Burton v. Wilmington Parkway Authority*, 365 U.S. 715, 725 (1961).

7.   Because the ECFMG's actions are delegated state actions, the ECFMG is required to give both procedural and substantive Fourteenth Amendment due process rights.

### JURISDICTION AND VENUE

8.   The Court has jurisdiction under Diversity of Citizenship, the Civil Rights Act (42 U.S.C.A. 1983) and the Due Process clause of the United States Constitution, with pendent jurisdiction to consider any claims arising under state law.

9.   Venue is properly before the Court, since all defendants are located and conduct business in the Eastern District of Pennsylvania.

## SUMMARY

10. In an attempt to close down the USAT and sanction Dr. Tulp, defendant ECFMG has refused to allow students of USAT to take necessary medical examinations. Defendant ECFMG has effectively closed USAT, by refusing to release scores for students who paid for the examinations. Doctors who graduated from USAT have been unable to commence their residency due to the refusal of the Board to issue an appropriate certification. ECFMG has also sent misleading "affidavits" to many USAT students and threatened many students with "irregular behavior" in order to sanction Dr. Tulp and force closure of the University, which he founded. He is President, CEO, and an equal owner of the University. Thus, ECFMG tortiously interfered with the educational contract between the students of USAT, the University, and Dr. Tulp, denied due process to Dr. Tulp and the students of USAT, and improperly used an "affidavit" [*See* Exhibit D] to coerce information from students. [Pinsky letter, *See* Exhibit A.] In addition, the Board placed information in the World Directory of Medical Schools, prior to any hearing or legal process, advising that it would no longer recognize the test scores of USAT graduates after January 1, 2019. *See* Exhibit B.

## GENERAL ALLEGATIONS

11. ECFMG sent to USAT a letter implying that the school would be closed on or about 01/01/19 because the Board would no longer recognize the scores of its students in taking the three-part United States Medical Licensing Examination. This action prohibits applicants from sitting for the USMLE, which is required for unrestricted medical licensure.

12. On 11/21/18, Kara Corrado, J.D., Vice President for Operations of the Board, sent a letter to counsel for USAT indicating two concerns: 1) that USAT's authority to conduct its medical education program amounted to "irregular behavior" because USAT had not been certified by a governmental entity in the United States, and 2) the allegation that USAT was operating medical school campuses in the United States. *See* Exhibit E. On October 18, 2018, Lisa Cover, a Senior Vice President with ECFMG, wrote a letter to Dr. Tulp advising him of the allegation that he engaged in "irregular behavior". *See* Exhibit F.

13. USAT has a certification from the government of Montserrat, allowing it to operate temporary venues due to an active volcano on the island. Such certification had been recognized by the Board without incident since 2003. USAT also operates online courses for the majority of its basic sciences course requirements via a specially developed SPOC [small platform online courses, developed by USAT]. A true and correct copy of the certification from Montserrat is attached and incorporated as Exhibit C.

14. Students from USAT have each paid well over $1,000 to the Board to take necessary medical exams, and the Board has refused to release their scores because of

alleged misconduct by Dr. Tulp, and an assignment by the Board of "irregular behavior" arising out of an illegal affidavit issued to students of USAT. "Irregular behavior" may be a permanent admonition on a student or physician's official record, and make residency difficult, if not impossible.

15. The Board set up a hearing on 11/28/18 for Dr. Tulp, only, in Philadelphia, at the address in the caption to address so-called "irregular behavior". After a few minutes, with no witnesses called, Board counsel announced that the hearing was terminated. Prior to the hearing, the Board took the position that Dr. Tulp had the burden of proof on the issue of "irregular behavior" for which he had been charged by the Board. The Board set 20 minutes as the duration of the hearing. No testimony was taken or exhibits received in evidence, before Board counsel terminated the hearing. No Transcript of the proceedings has been received. The Board indicated that on 01/01/19 it will issue a finding of "irregular behavior" to Dr. Tulp effectively closing USAT.

16. There was no jurisdiction over, or relationship with, Dr. Tulp to compel him to attend the hearing by the Board, and he made a special appearance while not agreeing to jurisdiction. ECFMG has no jurisdiction over Dr. Tulp, or legal relationship with Dr. Tulp, or the power to enter any sanction against him. The Board has no contractual or statutory authority over Dr. Tulp.

17. The Board would not give Dr. Tulp sufficient discovery to conduct an adequate defense. Also, the Board has never requested any curricula, student records, or any documentation from USAT.

18. The term "irregular behavior" is void for vagueness, since "irregular behavior" is so broad that it essentially amounts to any behavior which the Board does not approve. There is no intelligible standard to ascertain "irregular behavior" with the exception of the fiat by the ECFMG. There is no due process mechanism to effectively challenge a finding of "irregular behavior" which can amount to an indefinite suspension of United States medical licenses by the Board without formal notification of such assignment to the individual concerned.

19. There is no reasonable way to ascertain the standards for "irregular behavior" in the instant case, prior to any adjudication.

20. The Board has effectively closed USAT by not allowing its students and graduates to complete the necessary medical examinations beyond January 1, 2019, and has tortiously interfered with the relationship of the students of USAT and Dr. Tulp, the President of the University.

## FIRST CAUSE OF ACTION
### Plaintiff v. ECFMG

21. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

22. This cause of action is for the illegal actions of the ECFMG (the Board) in tortiously interfering with the contract between the students of USAT and plaintiff Dr. Orien Tulp, the University President and co-owner.

23. The Board allegedly refused to release scores of necessary medical exams to students and graduates of USAT, de facto, closing the University.

24. The Board published, in the World Directory of Medical Schools, a warning to students that it would not recognize USAT with respect to necessary medical qualifying examinations after January 1, 2019. *See* Exhibit B.

25. The Board sent illegal "affidavits" to students in an attempt to intimidate them from continuing as students at USAT. These alleged affidavits threatened medical students with perjury, as well as "irregular behavior", and also directed the students to provide certain documentary evidence, such as a copy of their passport. This "affidavit" by the Board was an abuse of process, and constituted fraudulent or negligent representation, since it was tantamount to a "subpoena duces tecum" without first having a legal proceeding. The Board had no power to issue these so-called affidavits. These affidavits are also a violation of Federal Education Records Protection Act (FERPA). Students are predominantly US citizens and are entitled to such protection under FERPA.

26. The purpose of the ECFMG doing this was to effectively remove Dr. Tulp as President of the University by discouraging students from registering or continuing their education at USAT, including verbal recommendations from ECFMG case workers. The Board issued "affidavits" and threatened to find students of USAT guilty of "irregular behavior".

27. There was no hearing before the students of USAT were sent emails by the ECFMG telling them that they may have been assigned "irregular behavior" and that their scores would not be released to medical institutions to be accepted for residency applications or other ECFMG services.

28. ECFMG alleges to be a private organization which permits the administration of qualifying examinations for foreign medical students and international medical graduates and passes information to the state licensing agencies in the United States. De facto, the ECFMG is a quasi-governmental agency that issues certificates, that are essentially licenses, to foreign medical students and physicians upon completion of their certification process, and it holds itself out to medical students and others as a governmental entity

29. As a result of the illegal actions of the Board in refusing to release the scores of the students of the plaintiff, the plaintiff has suffered, and will continue to suffer, irreparable harm including, but not limited to, the immediate closing of USAT College of Medicine and the removal of Dr. Tulp as a medical educator under the cloud of an indefinite sentence of "irregular behavior" for a duration of not less than 5 years.

30. Dr. Tulp will also suffer loss of his position as President of the University, as well as direct monetary damages resulting from the closing of USAT, arising out of the actions of ECFMG to close USAT, and to preclude its students from practicing medicine or engaging in postgraduate training in the USA, and the discouraging of any students from attending an institution where they cannot receive required certification from the ECFMG Board to qualify for licensure or registration to practice medicine in the USA.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorney fees.

## SECOND CAUSE OF ACTION
### Plaintiff v. ECFMG

31. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

32. This cause of action is for violation of due process by the ECFMG (the Board).

33. The Board violated the due process rights of Dr. Tulp by finding him guilty of "irregular behavior" when it had no jurisdiction over Dr. Tulp, or any direct contact with him prior to a finding of "irregular behavior".

34. The Board violated the due process rights of Dr. Tulp by illegally withholding necessary medical examination for USAT students and graduates in an attempt to sanction plaintiff and to force closure of USAT.

35. The Board violated the due process rights of Dr. Tulp by sending misleading affidavits to students of USAT, which affidavits were illegal and designed to intimidate the students from attending USAT. The Board stated that as January 1, 2019, students of USAT may not apply to ECFMG for certification. Essentially, the Board engaged in an illegal scheme to destroy USAT and Dr. Tulp by publishing the demise of the University in the World Directory of Medical Schools before any notification of such intent by the ECFMG.

36. The Board violated the due process rights of Dr. Tulp by failing to award him or the students of his college a legitimate hearing before taking adverse action. The Board commingled the adjudicatory and investigative functions, particularly through the use of

affidavits sent to students to secure documentary evidence under the threat of "irregular behavior". *See Lyness v. Com., State Bd. Of Medicine* 529 Pa. 535 (1992).

37. ECFMG is estopped from denying that it is a governmental or quasi-governmental entity, *inter alia*, because no disclaimer that it was a private entity to that effect was placed on the affidavits sent to thousands of USAT students. In point of fact, the opposite was implied.

38. The Board has acted as a governmental entity, and is estopped from denying the same.

39. When the Board corresponded with USAT and with its students, there was no disclaimer that the Board was not acting on behalf of any governmental authorization, or that it was allegedly a private entity, and the students were not required by law to respond to the affidavit or provide any documents. Students were required to complete "affidavits" under penalty of a finding of "irregular behavior" and denial of ECFMG services.

40. Under the doctrine of state action, the Board has failed to exercise due process in its dealings with USAT and its students as is required by the Due Process Clause of the Pennsylvania and US Constitutions.

41. The Board has failed to show due process to USAT students, as heretofore mentioned. The affidavits indicated that the Board has illegally commingled the adjudicatory and prosecutorial functions, in violation of due process.

42. As a result of the Board acting as a quasi-governmental entity, Dr. Tulp and his University suffered the damages as previously enumerated.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorney fees.

### THIRD CAUSE OF ACTION
### Plaintiff v. ECFMG

43. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

44. This is a cause of action for fraudulent misrepresentation, abuse of process, and negligent representation against the ECFMG (the Board).

45. As heretofore indicated, the Board committed the aforementioned torts through the following acts and omissions:

(a) representing itself as an official governmental agency;

(b) distributing affidavits to intimidate USAT students, which affidavits did not have a disclaimer or conform to law;

(c) placing misleading information about USAT into the World Directory of Medical Schools without notice, and which was designed to intimidate students and to effectively force closure of USAT;

(d) using illegal affidavits whose purpose was to gather documents and evidence of alleged culpable behavior by USAT and Dr. Tulp, all of which was in violation of FERPA, the Family Educational Rights and Privacy Act;

(e) violating FERPA by not receiving the requisite consent of students to their educational records.

46. As indicated in the prior counts, the Board has held itself out as a governmental agency. The Board has never indicated to those that it dealt with, in particular the students, that it is not an official governmental agency.

47. Accordingly, the Board is estopped by its conduct to deny that it is required to show due process, as if it were a governmental entity.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorney fees.

## FOURTH CAUSE OF ACTION
### Plaintiff v. All Defendants

48. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

49. This cause of action arises out of the 12/14/18 letter by Dr. William W. Pinsky, which is attached and incorporated as Exhibit A.

50. Dr. Pinsky is the President and CEO of the ECFMG, and in that capacity, he authorized the illegal actions of the ECFMG, heretofore described.

51. On 12/14/18, Dr. Pinsky sent a letter [Exhibit A] to Dr. Orien L. Tulp, addressing him as Professor and President of USAT at its main location in Montserrat.

52. In this letter, Dr. Pinsky indicated, *inter alia*, essentially, that the ECFMG Committee had determined that, for a minimum period of five years, from the date of the letter, that Dr. Tulp was banned from submitting any documents or having any dealings with the ECFMG on behalf of USAT or otherwise.

53. This indefinite ban of Dr. Tulp for allegedly engaging in "irregular behavior" was arbitrarily imposed by the ECFMG Committee for alleged unproven false statements, none of which allegations were actually documented.

54. This ban effectively precludes Dr. Tulp from operating, or being involved with, any medical school, in any capacity, for an indefinite period of time, subject to the unfettered discretion of ECFMG.

55. This ban effectively closes USAT, as an institution for medical students, for an indefinite period of time, if not permanently.

56. Actions which allegedly are announced in Dr. Pinsky's letter have already been instituted by the ECFMG such as the ban on the World Directory of Medical Schools website and the shutdown of the portal and the blocking of student scores and the affidavits.

57. The ban by the ECFMG, as set forth in the letter of Dr. Pinsky, also means that the operations of the USAT in the United States must be shut down, and the students from the United States will be separated from USAT, which will have to be closed if the actions of the ECFMG are not reversed. Two of the three administrative conference venues have been closed due to the actions of the ECFMG. Students have been forced to transfer to other medical schools to continue their education past January 1, 2019. As previously mentioned, the bulk of the USAT Basic Sciences Program is delivered via an advanced SPOC [Small Program Online Course program developed by USAT and delivered worldwide, thereby negating any requirement for a fixed US Campus]. The ECFMG or Dr. Pinsky has never asked for any information about the structure or content of the Basic Sciences Program.

58. The actions of the ECFMG on Dr. Tulp and the students of USAT amount to a violation of procedural and substantive due process, as follows:

(a) banning Dr. Tulp without a proper hearing;
(b) banning Dr. Tulp without an evidentiary basis;
(c) forcing closure of USAT and causing its students to be dismissed in an arbitrary and capricious manner;
(d) requiring, at a hearing on 11/28/18, that USAT assume the burden of proof and allotting 20 minutes for the hearing;
(e) terminating the hearing on 11/28/18 without receiving any evidence from Dr. Tulp;
(f) finding Dr. Tulp guilty of "irregular behavior" without jurisdiction and due process, and effectively forcing closure of USAT College of Medicine without legal process, and constructively dismissing the students of USAT in violation of the law.

WHEREFORE, the Court is requested to order ECFMG to immediately resume processing the medical examinations of students of USAT, and release their examination scores, and remove the negative advisory from the sponsor notes on the World Directory of Medical Schools listing for the USAT College of Medicine, and to award such other injunctive and equitable relief as appropriate, plus damages, interest, and attorney fees.

Respectfully submitted,

*William C. Reil*

William C. Reil, Esquire
FOR: Tommy Swate, Esquire
Attorneys for Plaintiff
File I.D. No. WCR1962
Attorney I.D. No. 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635

December 24, 2018

# EXHIBIT A

Case 3:10-2v-01700755GWBD Document 81-14 Filed 12/03/31/21 Page 1 of 32 of 35



| ECFMG® | EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES | 3624 Market Street
Philadelphia PA 19104-2685 USA
215-386-5900 | 215-386-9767 Fax
www.ecfmg.org |

PERSONAL AND CONFIDENTIAL
VIA EMAIL: o.tulp@usat.edu

December 14, 2018

Dr. Orien L. Tulp
Professor and President
University of Science, Arts & Technology (USAT) Faculty of Medicine
Main Campus
S. Mayfield Estate Drive
Olveston
MONTSERRAT

Dear Dr. Tulp:

I am writing to inform you that the ECFMG Medical Education Credentials Committee ("ECFMG Committee") has completed its review of the allegation that you, individually and in your capacity as an official of University of Science, Arts & Technology (USAT) Faculty of Medicine, Montserrat, engaged in irregular behavior in connection with providing false information to ECFMG. Specifically, you provided false information to ECFMG when you (1) notified ECFMG that USAT does not operate a branch campus in Miami, FL and (2) certified to the attendance dates of several USAT students and graduates when ECFMG has information that these students were not attending USAT during some of the time periods to which you certified.

In advance of the review, the members of the ECFMG Committee were provided with the documents listed in ECFMG's October 18, 2018 letter and ECFMG's November 14, 2018 emails. A hardcopy of the complete file was also sent to your attorney, Mr. Tommy Swate, on November 16, 2018 via Federal Express. On November 16, 2018, Mr. Swate acknowledged receipt of this complete file. You made a personal appearance before the ECFMG Committee accompanied by your legal counsel, Mr. Swate. A copy of the transcript of the proceedings will be sent to you as soon as it is available.

The ECFMG Committee considered the documentation presented to it and Mr. Swate's statements. Following careful review, the ECFMG Committee determined that you engaged in irregular behavior in connection with providing false information to ECFMG.

The ECFMG Committee has determined that ECFMG will not accept any documents signed / certified by you for ECFMG on behalf of USAT, or any other medical school, for a minimum of five years from today; thereafter, the prohibition shall end only upon a petition to ECFMG conclusively demonstrating to the satisfaction of the ECFMG Committee a familiarity with, and willingness to adhere to, ECFMG polices. Your ECFMG Medical School Web Portal (EMSWP) account will remain deactivated.

In light of the ECFMG Committee's findings, the ECFMG Sponsor Note for USAT in the *World Directory of Medical Schools (World Directory)* will be updated as follows:

ECFMG® is an organization committed to promoting excellence in international medical education.

Dr. Orien L. Tulp
December 14, 2018
Page 2 of 2

> *In 2018, ECFMG determined that a certain official of the University of Science Arts & Technology engaged in irregular behavior in connection with providing false information to ECFMG.*

This note will remain in USAT's ECFMG Sponsor Note in the *World Directory* for five years, regardless of whether USAT changes its name, ownership, and/or location.

Additionally, in accordance with the ECFMG *Policies and Procedures Regarding Irregular Behavior*, a permanent annotation that you engaged in irregular behavior will be included in your ECFMG record. ECFMG may report the ECFMG Committee's determination of irregular behavior to the Federation of State Medical Boards of the United States, U.S. state and international medical licensing authorities, directors of graduate medical education programs, and to any other organization or individual who, in the judgment of ECFMG, has a legitimate interest in such information.

As noted in the enclosed ECFMG *Rules of Appellate Procedure*, decisions of the ECFMG Medical Education Credentials Committee may be appealed within the 30-day time period specified.

Sincerely,

William W. Pinsky, MD FAAP FACC
President and CEO

CC: Tommy Swate, Esq. swatemd@aol.com
    William Reil, Esq. billreillaw@gmail.com

Encl: As noted.

# EXHIBIT B

Case 3:10-cv-01750-WBD Document 78-14 Filed 12/23/11 Page 14 of 35

# University of Science, Arts & Technology (USAT) Faculty of Medicine

Montserrat

School Details    Contact Information    Program Details    Sponsor Notes

The information below has been provided by the World Directory's sponsoring organizations.

- Students and graduates of this medical school are eligible to apply to ECFMG for ECFMG Certification and for examination, provided that:
  - For medical school students officially enrolled in this school, the graduation years are listed below as "current".
  - For graduates of this medical school, their graduation year is included in the graduation years listed below.
      Graduation Years:
      2003 - 2018
  - All other eligibility requirements are met. Refer to the ECFMG Information Booklet for detailed information.

- **Note: As of January 1, 2019, students and graduates of this medical school with a graduation year of 2019 and later are not eligible to apply to ECFMG for ECFMG Certification, which also renders them ineligible to apply to ECFMG for the United States Medical Licensing Examinations (USMLE) as a step toward ECFMG Certification.**

- **Currently, students and graduates of USAT are subject to enhanced procedures that must be met in order to be eligible to apply for ECFMG Certification related services, including but not limited to: ECFMG Certification, USMLE examinations that lead to ECFMG Certification, and Electronic Residency Application Service (ERAS®) Support Services. ECFMG will provide information and instructions to applicants upon receipt of application.**

Case 2:18-cv-05052-WB Document 81-14 Filed 02/08/21 Page 12 of 35
Case 2:18-cv-05052-WB Document 78-1 Filed 12/03/31 Page 16 of 132

# EXHIBIT C



AN AGREEMENT

BETWEEN

THE GOVERNMENT OF MONTSERRAT

AND

MEDICAL COLLEGE OF

LONDON (MCL),

UNIVERSITY OF SCIENCE, ARTS

AND

TECHNOLOGY

(MONTSERRAT) LTD. (USAT)

MONTSERRAT

A.D. 2003

A G R E E M E N T

THIS AGREEMENT made the ....28th.. day of .....September...,2003 between:

THE GOVERNMENT OF MONTSERRAT (hereinafter referred to as "the Government" which expression shall where the context so admits include its assigns and successors) whose address for service is THE CHIEF MINISTER'S OFFICE, BRADES, MONTSERRAT and MEDICAL COLLEGE OF LONDON (MCL), UNIVERSITY OF SCIENCE, ARTS AND TECHNOLOGY (Montserrat) LTD (USAT), a duly incorporated company (hereinafter referred to as 'the MCL-USAT' which expression shall where the context so admits include its assigns and successors) whose address is BRADES, Montserrat.

WITNESSETH AS FOLLOWS: -

1.   DEFINITIONS

In this agreement the following expressions shall have the meaning herein ascribed to them.

"Agreement Period" means a period of 20 years commencing with the date on which this agreement is executed. The MCL-USAT will have the option to review and renew the Agreement.

"Contributions" means a contribution payable to the Social Security Fund.

"Expatriate Staff" means staff recruited from overseas who are not citizens of Montserrat or are not ordinarily resident in Montserrat for tax purposes.

"USAT" means UNIVERSITY OF SCIENCE, ART AND TECHNOLOGY (MONTSERRAT) LTD.

2.   TAX EXEMPTIONS

(1)

6.   WORK PERMIT FOR EXPATRIATE EMPLOYEES

6.1   MCL-USAT will at the beginning of each year of the agreement period provide a list of names of its academic and administrative staff requiring work permits and in addition shall supply all relevant information needed for the processing of the work permits.

6.2   Government of Montserrat shall issue the necessary work permits and visas to enable MCL-USAT staff, students and families to remain on island for the period of their employment or study subject to the significance of any information provided on Police Records.

3

7.2 MCL-USAT will ensure that income tax is paid in respect of each of its employees.

8. GENERAL

8.1 The Government undertakes to establish a registry to record certification obtained by medical graduates of MCL-USAT.

8.2 The Government of Montserrat will at the request of MCL-USAT request the listing of MCL-USAT with the World Directory of Medical Schools published by WHO, Geneva, Switzerland.

4

8.13 MCL-USAT agrees to maintain operations in Montserrat with regard to its Medical and other Programmes for the duration of the agreement unless unforeseen circumstances and/or natural disaster arise that the MCL-USAT may choose to relocate to an area of convenience for the MCL-USAT for a time period to be determined by MCL-USAT. This would not affect any permission granted to the MCL-USAT by the Government of Montserrat.

8.14 The MCL-USAT may grant academic and professional degrees to duly qualified students of the institution and commonsurate with an institution of higher education who have completed the academic and professional requirements of the degree for which they have been considered, and who have been recommended for such by the faculty and directors of MCL-USAT. The specific degrees authorized shall include Doctor of Philosophy (PH.D.), the Doctor of Medicine (M.D.) or Bachelor of Surgery (M.B.B.S), Bachelor of Dental Surgery (B.D.S.), the Master of Public Health (M.P.H.), the Master of Science (M.Sc.), the Master of Arts (M.A.), the Bachelor of Science (B.Sc.) and the Bachelor of Arts (B.A.).

IN WITNESS whereof the parties or the duly authorised representative of the parties have signed this Deed on the day first above written.

Signed by Mr. John A. Osborne
Minister for Finance and
Economic Development on behalf
of the Government of Montserrat

Dr. Orien L. Tulp
President, USAT, and Director
Medical College of London

Before and in the presence of:

Esco Henry-Greer
Attorney General

Before and in the presence of:

Esco Henry-Greer
Attorney General

7

9.5 At the end of the agreement period MCL-USAT shall have the option to extend the agreement for a further period to be determined by MCL-USAT and GOM.

9.6 Notwithstanding the above, the offer included in this agreement shall be valid for a period of one (1) year from the date of this agreement after which the terms and conditions may be subject to re-negotiation however, if MCL-USAT makes any substantial property investment or undertakes any major contractual obligation referable to and in reliance on this Agreement, then the terms set out shall become final and binding on the Government.

IN WITNESS whereof the parties or the duly authorised representative of the parties have signed this Deed on the day first above written.

Signed by Mr. John A. Osborne
Minister for Finance and
Economic Development on behalf
of the Government of Montserrat

Dr. Orien L. Tulp
President, USAT, and Director
Medical College of London

Before and in the presence of:

Esco Henry-Greer
Attorney General

Before and in the presence of:

Esco Henry-Greer
Attorney General

7

17/2003
COMPANY NO.

# COMPANIES ACT OF MONTSERRAT

## CERTIFICATE OF INCORPORATION

UNIVERSITY OF SCIENCE, ARTS
AND TECHNOLOGY (MONTSERRAT) LTD.
### NAME OF COMPANY

I hereby certify that the above-mentioned Company, the Articles of Incorporation of

which are attached, was incorporated under the Montserrat Companies Act 1998.

Registrar of Companies

18ᵗʰ September, 2003
Date of Incorporation

# EXHIBIT D

**ECFMG®**

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

3624 Market Street
Philadelphia, PA 19104-2685 USA
215-386-5900 | 215-386-9767 Fax
www.ecfmg.org

# AFFIDAVIT ATTESTING TO MEDICAL SCHOOL ATTENDANCE

I, _____

_ECFMG Applicant Name_                                                                 _ECFMG ID Number_

hereby declare, under penalty of perjury under the laws of all applicable jurisdictions, including the United States of America, and under penalty of a finding of irregular behavior under applicable ECFMG rules and regulations, that:

## Section 1: Attendance Dates at University of Science, Arts & Technology (USAT) Faculty of Medicine

I attended University of Science, Arts & Technology (USAT) Faculty of Medicine located in Montserrat during the following dates:

| From (Month/Year) | To (Month/Year) |
|---|---|
| | |

## Section 2: Dates and Location of Basic Sciences Courses Taken in **Montserrat**

I was physically present and took basic sciences courses in Montserrat, during the following dates and at the following location _(If you did not complete your basic sciences course work at a facility located in Montserrat, complete Section 3)_:

| Dates of Basic Sciences Courses Taken while Physically Located In **Montserrat** (Do not include dates if you were not physically present in Montserrat. Do not include breaks in time where you were not physically located in Montserrat. Only list the beginning and end date for when you were physically present in Montserrat attending basic sciences courses.) | | |
|---|---|---|
| From (Month/Year) | To (Month/Year) | Address of Facility Where Basic Sciences Classes Were Held |
| | | |
| | | |
| | | |
| | | |

While I took my basic sciences classes in Montserrat, I resided at the following location(s):

| Residence Address in Montserrat | Residence Dates in Montserrat | |
|---|---|---|
| | From (Month/Year) | To (Month/Year) |
| | | |
| | | |

I am attaching the following documentation to demonstrate my physical presence in Montserrat during the time I was taking basic sciences classes at University of Science, Arts & Technology (USAT) Faculty of Medicine.  _(check all that apply)_:

☐ My passport, showing travel to Montserrat and visas for Montserrat

☐ My airline tickets/boarding passes documenting travel to Montserrat

☐ My lease, utility bills, etc. for my housing

☐ Other (please specify)

## Section 3: TO BE COMPLETED ONLY IF YOU CANNOT COMPLETE SECTION 2

I did _not_ take basic sciences courses at a facility located in Montserrat because:




I also declare that this information is comprehensive, complete and accurate as of the date of my signature.


_____                    _____
Signature of Applicant                                                                          _(day)_      _(month)_      _(year)_

### Certification by Official

I certify that on the date set forth below the individual named above did appear personally before me and that the statements in this document are subscribed and sworn to before me by the individual on this _____ day, of the month of _____ in the year _____ .

_____
Signature of Notary Public

**Official Seal**

_____
Printed Name of Offical

**WHAT YOU NEED TO DO**

Effective immediately, as a USAT student or graduate seeking a service or services related to ECFMG Certification, including registration for the United States Medical Licensing Examination (USMLE), release of USMLE scores, issuance of an ECFMG Certificate, or issuance of ECFMG Certification Status Reports to residency programs, you must complete the attached affidavit, attesting to the accuracy of your medical school attendance information to ECFMG's satisfaction. Completion of the affidavit is required and will facilitate ECFMG's review.

The affidavit must also be notarized by NotaryCam, which provides secure on-line notarization of documents. To use NotaryCam, go to https://www.notarycam.com/ecfmg-affidavit/ and follow NotaryCam's instructions. NotaryCam will e-mail your affidavit to ECFMG directly.

YOU MUST COMPLETE AND SUBMIT THIS AFFIDAVIT NO LATER THAN NOVEMBER 1, 2018.

Please allow two to four weeks processing time after the above-described affidavit has been submitted to ECFMG. ECFMG will notify you in writing after your affidavit has been processed.

ECFMG reserves the right to bring allegations of irregular behavior against you, in accordance with its policies and procedures, should ECFMG obtain information that indicates that you have engaged in irregular behavior with respect to any documentation submitted as part of this process.

If you have any questions, please contact MECCsupport@ecfmg.org and you will be assigned a Case Manager. If you prefer, you may call 215-386-5900 and ask to be transferred to a Case Manager for USAT.

Sincerely,

ECFMG

# EXHIBIT E



| | EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES | 3624 Market Street Philadelphia PA 19104-2685 USA 215-386-5900 \| 215-386-9767 Fax www.ecfmg.org |

VIA EMAIL: swatemd@aol.com

November 21, 2018

Mr. Tommy Swate
Attorney at Law
403 Wild Plum
Houston, Texas 77013

Dear Mr. Swate:

Thank you for the email confirmation on November 16, 2018 that you received the complete file that will be reviewed by the ECFMG Medical Education Credentials Committee ("ECFMG Committee") in the matter related to Dr. Orien Tulp. As previously communicated, Dr. Tulp is scheduled to make a personal appearance (accompanied by you and Mr. Reil, his attorneys) before the ECFMG Committee on Wednesday, November 28, 2018 at 9:00 AM at the Rittenhouse Hotel, 210 West Rittenhouse Square, Philadelphia, PA 19103. Please arrive with Dr. Tulp at 8:45 AM.

I am writing in response to your letter dated November 13, 2018, which is rife with misstatements. There are two important issues of concern which require clarification at this time: (1) ECFMG's authority to conduct its activities, including the ECFMG Certification program and making allegations of irregular behavior pertaining to Dr. Tulp; and (2) the "activity of the ECFMG in regards to the USAT" related to ECFMG's update of USAT's *World Directory of Medical Schools* ECFMG Sponsor Note.

### Concern (1): ECFMG's Authority to Conduct the ECFMG Certification Program & Irregular Behavior

In your letter, you request ECFMG to "identify by what legal authority [ECFMG] has to claim and report that Dr. Tulp - engaged in 'irregular behavior'." For some additional context regarding ECFMG's responsibility and its mission to protect the public, ECFMG (formally the Evaluation Service for Foreign Medical Graduates) was established as a private, non-profit organization in 1956 by the Federation of State Medical Boards (FSMB), the American Hospital Association (AHA), the Association of American Medical Colleges (AAMC), and the American Medical Association (AMA). It was established to validate medical credentials, assess basic medical knowledge and determine English language proficiency for graduates of international medical schools. As you may already know, medical licensing authorities in the United States require that international medical graduates (IMGs) be certified by ECFMG, among other requirements, to obtain an unrestricted license to practice medicine.

In support of its mission to protect the public, individuals that have or have attempted to subvert ECFMG's policies and procedures are subject to ECFMG's Policies and Procedures on Irregular Behavior. These were previously shared with you and are also available on ECFMG's web-site at https://www.ecfmg.org/programs/irregular-behavior.html. As communicated in our prior correspondence, it is under these policies that Dr. Tulp is charged with irregular behavior for providing false information to ECFMG. I trust that the files you received on November 16 help clarify the charges and evidence of irregular behavior.

ECFMG® is an organization committed to promoting excellence in international medical education.

Mr. Tommy Swate
November 21, 2018
Page 2 of 2

### Concern (2):  ECFMG's Update to USAT's World Directory ECFMG Sponsor Note

As previously communicated to you, ECFMG's update to USAT's World Directory Sponsor note is *not* related to a charge of irregular behavior for Dr. Tulp.

ECFMG updated its sponsor note on October 18, 2018 because ECFMG learned that USAT was operating a medical school campus located in the United States.  Before taking this action, ECFMG had requested USAT to provide documentation from the appropriate United States authorities that USAT is authorized to operate its medical school campuses and educational programs in the United States.   To date, USAT has failed to deliver such documentation.

It appears from the information gathered from you (e.g. your statement that USAT has conducted classes "in locations other than Montserrat *for 15 years* without incident…") and corroborated by USAT students that USAT has primarily operated and conducted its educational activities in the United States.  Based on this information, USAT may not even be an international medical school.  However, as previously communicated, if you are able to provide documentation from the appropriate United States authorities that USAT is authorized to operate its medical school branch campuses in the United States, ECFMG will consider this information.

Also, in your letter dated November 13, 2018 you state "ECFMG has taken the position that ECFMG has the right to accredit a medical school."  We must clarify for you that ECFMG is not an accrediting agency and does not purport to accredit international medical schools.

Please contact me if you have any additional questions regarding our ECFMG Committee meeting scheduled next week.

Sincerely,

Ms. Kara Corrado, JD
Vice President for Operations

Case 3:10-cv-01705-WBD Document 78-14 Filed 12/23/21 Page 28 of 35

# EXHIBIT F

Case 3:10-cv-01705-WBD Document 78-14 Filed 12/23/21 Page 28 of 35



EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

3624 Market Street
Philadelphia PA 19104-2685 USA
215-386-5900
www.ecfmg.org

PERSONAL AND CONFIDENTIAL
VIA EMAIL: o.tulp@usat.edu

October 18, 2018

Dr. Orien L. Tulp
Professor and President
University of Science, Arts & Technology (USAT) Faculty of Medicine
Main Campus
S. Mayfield Estate Drive
Olveston
MONTSERRAT

Dear Dr. Tulp:

I am writing to advise you of the allegation that you, individually and in your capacity as an official of the University of Science, Arts & Technology (USAT) Faculty of Medicine, Montserrat, engaged in irregular behavior in connection with providing false information to ECFMG. Specifically, you provided false information to ECFMG when you (1) notified ECFMG that USAT does not operate a branch campus in Miami, Florida and (2) certified to the attendance dates of several USAT students and graduates when ECFMG has information that these students were not attending USAT during some of the time periods to which you certified. The details of ECFMG's allegation are set forth below.

**Details of Allegation**
*False Information Regarding U.S. Branch Campuses*
On August 21, 2018, ECFMG advised you that we had become aware that USAT was operating a "branch" campus in Miami, Florida. We advised you that in order for students and graduates of an international medical school, such as USAT, to have eligibility to apply for ECFMG Certification, ECFMG policy requires confirmation from the appropriate government authority in the branch campus country that the branch campus is authorized to operate as a medical school in such branch campus country. Therefore, we requested that USAT provide documentation from the United States Department of Education and/or the Florida Department of Education confirming that USAT's Miami branch campus is authorized to operate as a medical school in the United States. We indicated that this documentation should cover the whole time period that the USAT Miami branch campus has been in operation.

In response to ECFMG's August 21, 2018 letter, you replied:

"This is incorrect information. The Miami location is an information and testing site only, where a pre-usmle examination [an NBME] may administered, and an Orientation for new students is conducted prior to their traveling to the

ECFMG® is an organization committed to promoting excellence in medical education.

Dr. Orien L. Tulp
October 18, 2018
Page 2 of 4

Caribbean.. It is NOT a campus.  Our ONLY Campus is located in Olveston, Montserrat, British West Indies.

Actually, recall that Montserrat is a volcanic Island, and the license issued to USAT in September, 2003 DOES actually permit the establishment of off-campus lecture and administrative sites as needed.  USAT has students on island on a year round basis since its origination." [emphasis in original]

After receiving your reply, ECFMG received information that USAT was also providing medical education lectures not only at its Miami site, but also at sites in Tampa, Florida, Dallas, Texas, and Puerto Rico. As a result and to ensure that information regarding international medical schools and their students provided to ECFMG complies with ECFMG policies and requirements, ECFMG notified you that ECFMG would require USAT students and graduates to complete an affidavit, attesting to the accuracy of the medical school information provided to ECFMG.

In response to ECFMG's affidavit request, many USAT students and graduates have certified that they have not completed any courses on Montserrat, but instead completed courses on site in the United States at the direction of USAT officials due to volcanic and hurricane activity on Montserrat. ECFMG also received a copy of the "2018 University of Science, Arts and Technology Lecture Conference Schedule" which shows lectures occurring in Florida and Texas.  We note that there are no lectures scheduled for Montserrat.  We also note that graduation occurs in Miami, Florida.

This directly conflicts with the information that you provided, i.e. that "the Miami location is an information and testing site only,  where a pre-usmle examination [an NBME] may administered, and an Orientation for new students is conducted prior to their traveling to the Caribbean.. It is NOT a campus.  Our ONLY Campus is located in Olveston, Montserrat, British West Indies." [emphasis in original].  Further, though USAT's agreement with the Montserrat government indicates that USAT "agrees to maintain operations in Monserrat with regard to its Medical and other programmes for the duration of the agreement unless unforeseen circumstances and/or natural disaster arise that the MCL-USAT may choose to relocate to an area of convenience for the MCL-USAT for a time period to be determined by MCL-USAT.  This would not effect any permission granted to MCL-USAT by the government of Montserrat," ECFMG has no record of receipt of any official communication from you or any other USAT official indicating that USAT relocated due to volcanic activity, from 2003 until present.

In ECFMG's September 15, 2017 announcement "Relocation of Caribbean Medical Schools Impacted by Hurricane Irma" ECFMG advised: "Schools that have relocated or plan to relocate their operations to the United States or elsewhere as a result of Hurricane Irma should provide ECFMG with: a) a formal notice to ECFMG that includes the address of where the school is temporarily located and the expected date of when the school will return to its home country, b) copies of approvals from the home country governmental authorities, and c) copies of approvals from the accrediting

Dr. Orien L. Tulp
October 18, 2018
Page 3 of 4

agency, if any. This information should be e-mailed to Medical Education Resources at medschoolreview@ecfmg.org, along with any questions or comments." ECFMG has no record of receipt of any correspondence from you or any other USAT official that USAT was relocating to the United States due to Hurricane Irma, or any other hurricane.

### *Certification of False Information Regarding Students Attendance Dates*

During the course of the investigation into USAT's branch campuses, ECFMG has discovered information that indicates that you provided false information to ECFMG regarding the attendance dates of some of your students on some of their applications for United States Medical Licensing Examinations (USMLE). Specifically, you certified that students were attending USAT during time periods which they were not actually attending USAT.

It is ECFMG's usual practice to consider any action or attempted actions by any person that would or could subvert the processes, programs or services of ECFMG to be *irregular behavior*. See Section A.1. of the enclosed *ECFMG Medical Education Credentials Committee Policies and Procedures*. Examples of irregular behavior include the provision of false information or falsified credentials to ECFMG. ECFMG investigates and considers allegations of irregular behavior in order to protect the integrity of its processes, programs, and services. The ECFMG Committee can impose serious sanctions if it finds irregular behavior has been committed.

The review into the matters described in this letter are ongoing. ECFMG reserves the right to amend or make additional allegations of irregular behavior, in accordance with its policies and procedures, should ECFMG obtain information that supports such amendment or additional allegations.

### ECFMG Medical Education Credentials Committee Review of this Allegation

This matter will be referred to the ECFMG Committee for review at its next scheduled meeting on November 28, 2018 in Philadelphia. The ECFMG Committee will consider the information presented and take action in accordance with the enclosed *ECFMG Medical Education Credentials Committee Policies and Procedures*.

You will have the opportunity to appear personally before the ECFMG Committee, accompanied by legal counsel, if you so wish. Please indicate in your response if you wish to appear personally before the ECFMG Committee in your individual and/or official capacities. If you do wish to make a personal appearance, I will notify you of the particular time and location of the meeting.

The following documents will be included in the Agenda for the ECFMG Committee's review:

- ECFMG's August 21, 2018 letter to you and your August 21, 2018 e-mail reply;

Dr. Orien L. Tulp
October 18, 2018
Page 4 of 4

- ECFMG's September 14, 2018 letter to you, including a copy of the affidavit sent to USAT students on September 14, 2018;
- Copy of "2018 University of Science, Arts and Technology Lecture Conference Schedule"
- September 15, 2017 ECFMG Announcement "Relocation of Caribbean Medical Schools Impacted by Hurricane Irma";
- Copy of "An Agreement Between the Government of Montserrat and Medical College of London (MCL) University of Science, Arts, and Technology (Montserrat) LTD. (USAT)"
- Affidavits completed by USAT students; and
- This letter.

Copies of these documents, with the exception of the completed affidavits by students, are enclosed.

**Please provide a response to ECFMG by November 1, 2018.** In your response, please note whether you wish to make a personal appearance before the ECFMG Committee. All documents should be submitted to Ms. Kara Corrado, Vice President for Operations, at the address above or via e-mail at kcorrado@ecfmg.org. If you have any questions, please do not hesitate to call me at (215) 883-7318.

Sincerely,

Lisa L. Cover
Senior Vice President for Business
Development and Operations

Encl: As noted.

18-CV-5540

JS 44 (Rev 08/18) WB

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**      18   5540

**(b)** County of Residence of First Listed Plaintiff  *Colorado*

*(EXCEPT IN U S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  *Philadelphia*

*(IN U S. PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

Additional OTHER STATUTES:
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes
☐ 485 Telephone Consumer Protection Act
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
*Diversity*

Brief description of cause:
*Injunctive Relief and Damages for "Targeted Blains"*

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

DEMAND $ *NONE AT THIS*

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

DEC 24 2018

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE  *12/21/18*

SIGNATURE OF ATTORNEY OF RECORD  *Will Reil*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

Case 2:18-cv-05540-WB Document 78-11 Filed 12/31/21 Page 34 of 35



# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

**18   5540**

Address of Plaintiff: 4288 Youngfield Street Wheat Ridge, CO 80033

Address of Defendant: 3624 Market Street Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Philadelphia

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 12/24/18   _____ Attorney-at-Law / Pro Se Plaintiff   26833 Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify)* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☑ 7. Products Liability
☐ 8. Products Liability – Asbestos
☒ 9. All other Diversity Cases
   *(Please specify)* Injunctive Relief
   "Irregular Behavior"

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, William C Reif , counsel of record or pro se plaintiff, do hereby certify

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 12/21/18   _____ Attorney-at-Law / Pro Se Plaintiff   26833 Attorney I.D. # (if applicable)

**DEC 24 2018**

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)



## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

ToLP

    v.

ECFMG; et al

:    CIVIL ACTION
:
:    **18**    **5540**
:
:    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
. and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| 12/24/18 | William C. Reil | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-564-1635 | 215-564-4292 | billreillaw@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 24 2018