**EXHIBIT 50**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JOFFRE E GOMEZ FRONTERA; ET ALS**<br><br>PLAINTIFFS<br><br>VS.<br><br>**UNIVERSITY OF SCIENCE, ARTS AND TECH a/k/a USAT a/k/a MEDICAL COLLEGE OF LONDON a/k/a MALINA MEDICAL COLLEGE a/k/a METROPOLITAN INNOVATIVE GROUP, INC. a/k/a USAT MONTSERRAT LLC; ET ALS**<br><br>DEFENDANTS | CIVIL NO. 19-1707<br><br>RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO);<br>FRAUDULENT INDUCEMENT;<br>BREACH OF CONTRACT;<br>UNJUST ENRICHMENT;<br>TORT DAMAGES<br><br>TRIAL BY JURY DEMANDED |

UNSWORN DECLARATION UNDER PENALTY OF PERJURY

1. My name is Joffre E. Gomez Fronter. I am of legal age, student, single, domiciled and resident of Maricao, Puerto Rico.

2. My address is the following: RR01 mailbox 4620, Barrio Indiera Alta, km 31 Maricao Puerto Rico  Zip Code 00606.

3. In May 29, 2018, I was searching for a medical school to apply in order to get into a career in medicine.

4. Ortiz and Cabrera represented themselves as officials of the medical school known as University of Science, Arts and Technology ("USAT").

5. Ortiz and Cabrera represented to me that USAT was an accredited college of medicine in Puerto Rico.

6. On June 1, 2018, I received various materials regarding USAT, such as a brochures, applications and enrollment agreements. These materials made representations that USAT was an accredited college of medicine in Puerto Rico, as well as other states.

7. Based on the various materials and the representations made by Ortiz and Cabrera on behalf of USAT, I understood that Orien L. Tulp ("Tulp") is the President of USAT, Carla M. Konyk ("Konyk") is the Vice-President and Director of Administration and Finances of USAT, and Karen Baldwin ("Baldwin") is the Administrator of USAT.

8. Based on the various materials and the representations made by Ortiz and Cabrera on behalf of USAT, I understood that Ortiz is the Dean of the USAT College of Medicine

in Puerto Rico, and that Cabrera is the Clinical Coordinator of Student Affairs of the USAT College of Medicine in Puerto Rico.

9. As such, my understanding was that Tulp, Konyk, Baldwin, Ortiz and Cabrera (jointly "USAT Officials") were all officials and representatives of USAT.

10. Based on the various materials and the representations made by the USAT Officials on behalf of USAT, I understood that USAT was accredited by the Educational Commission for Foreign Medical Graduates ("ECFMG") so that USAT students may be able to take the United States Medical Licensing Examinations.

11. Based on the various materials and the representations made by the USAT Officials on behalf of USAT, I understood that being a student of USAT would allow me to take the United States Medical Licensing Examinations.

12. Based on the various materials and the representations made by the USAT Officials on behalf of USAT, I understood that USAT also had other satellite campuses or schools in other states in the United States, such as in Florida, Maryland and Texas.

13. Based on the various materials and the representations made by the USAT Officials on behalf of USAT, I understood that USAT had its main Administrative Office in the state of Colorado, in the United States.

14. I understood that the USAT officials have been working at USAT for some time.

15. The USAT Officials made representations that USAT's purpose was to provide me an education in medicine if I applied to be a student.

16. In consideration of providing me an education in medicine if I became a student, USAT would request payments from me.

17. The USAT Officials made representations that once the payments would be received, they would provide the education in medicine and I would be able to take the United States Medical Licensing Examinations.

18. Based on the various materials and the representations made by the USAT Officials on behalf of USAT, I was induced and made the decision to apply to USAT, thinking that I was going to be able to receive a valid medical education in Puerto Rico and will be able to apply for and take the United States Medical Licensing Examinations.

19. On June 4, 2018, I submitted all the required documents and required payments to USAT in order to apply.

20. On June 4, 2018 I received a letter from Tulp which informed me that I was admitted to the medical doctor program of USAT. The letter said it was a typical four-year program of scientific and medical education. The Letter indicated that I must pay no

less than five thousand four hundred dollars ($5,400.00) per semester plus other expenses such as a Matriculation Fee, Medical Student Malpractice Insurance Fee, Anatomy Lab Fee, Technology Fee, Clinical Fee and Graduation Fee which amounted to approximately nine thousand one hundred forty-five dollars ($9,145.00).

21. Once I was admitted by USAT, USAT Officials from both Puerto Rico and Colorado came to attend the White Coat Ceremony making the representation that we were going to start a valid medical education in Puerto Rico and I was going to be able to apply for and take the United States Medical Licensing Examinations.

22. Once I was admitted by USAT, the USAT officials oriented me as to the manner of payment and the possibility of taking out a loan.

23. On June 4, 2018 the USAT officials assisted me in submitting a loan application with SouthEast Bank ("SB") in order to pay USAT.

24. On July 13, 2018, I submitted a loan application to SB, which was accepted and they provided a personal loan to me for the sum amount of $45,000.

25. On August 15, 2018, SB disbursed the personal loan and directed to the offices of USAT located in Colorado.

26. I did not receive the personal loan directly, but instead had to request USAT to deliver me certain sum amounts from the personal loan.

27. The USAT officials located in Colorado were the ones that had full control of my SB personal loan.

28. On August 25, 2018, USAT would deduct the sum amount of $6,495.00 from the $45,000.00.

29. From the date of my admission until September of 2018, USAT had received the sum amount of $18,990.00 for providing education in medicine.

30. From the date of my admission until September of 2018, while USAT received the sum amount of $18,990.00, I understood that I was receiving a valid medical education in Puerto Rico and I was going to be able to apply for and take the United States Medical Licensing Examinations.

31. On September 14, 2018 I was notified by the USAT Officials of the ECFMG irregularities.

32. On November 8th of 2018, Ortiz sent an e-mail to me and the other students regarding ECFMG's decision to find me and the other students not eligible for the United States Medical Licensing Examination. In that e-mail, Ortiz falsely represented to me and the other students that USAT was "surprised" by ECFMG's decision.

33. However, USAT never resolved me and the other student's situation and we were unable to take the United States Medical Licensing Examination via USAT.

34. On December 2018, I requested USAT to deliver transcripts about my medical education.

35. On June 2019, I received the transcript of my medical education from USAT.

36. All the attempts of applications that were realized to other schools were denied because they didn't accept USAT credits or education.

37. On January 2019, all applications for medical schools in the US were rejected and they did not accept the USAT medical education.

38. Based on the above, USAT received a sum amount of $18,990.00 from my $50,000 without providing a valid medical education in Puerto Rico.

39. All the USAT Officials participated in the false representation that it would provide a valid medical education and I would be able to take the United States Medical Licensing Examinations.

40. USAT falsely represented to me and many other students throughout 2017 and 2018 that it would provide a valid medical education and I would be able to take the United States Medical Licensing Examinations.

41. However, the reality is that USAT did not provide to me and the other students a valid medical education, which resulted in me being unable to take the United States Medical Licensing Examinations.

42. From the August 2, 2018 until December 15, 2018 USAT and the USAT officials kept repeating their false statements that they were providing a valid medical education and I would be able to take the United States Medical Licensing Examination, so long as I kept paying them, which I did because USAT received the sum amount of $18,990.00 from my $50,000.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. sec. 1746.

Dated at San Juan, PR, this 29 of March, 2021

Joffre E. Gomez Frontera

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SUJEIL PEÑA-TORRES; et als.** | CIVIL NO. 19-1707 |
| PLAINTIFFS | |
| VS. | RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO); |
| **UNIVERSITY OF SCIENCE, ARTS AND TECH a/k/a USAT a/k/a MEDICAL COLLEGE OF LONDON a/k/a MALINA MEDICAL COLLEGE a/k/a METROPOLITAN INNOVATIVE GROUP, INC. a/k/a USAT MONTSERRAT LLC; et als.** | FRAUDULENT INDUCEMENT; BREACH OF CONTRACT; UNJUST ENRICHMENT; TORT DAMAGES |
| | TRIAL BY JURY DEMANDED |
| DEFENDANTS | |

### ANSWERS TO FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

**TO:**      **CO-DEFENDANT, DANIELA CABRERA PUJADAS**
            **Through its legal counsel,**
            **CHARLES A. CUPRILL, P.S.C. LAW OFFICES**

**FROM:**   **JOFRE E. GÓMEZ FRONTERA**
            **Through his legal counsel,**
            **VICTOR M. RIVERA-RIOS**

Comes now, **Jofre E. Gómez Frontera**, hereinafter referred as "Plaintiff" and/or as "me, myself, or "I", through counsel, hereby submits his Answers to Co-Defendant, **Daniela Cabrera Pujadas** ("Co-Defendant") First Set of Interrogatories and Request for Production of Documents.

### PRELIMINARY STATEMENT

Plaintiff has not completed the investigation, discovery, or analysis, of all the facts of this case and has not completed preparation for trial. Accordingly, all of the following responses are provided without prejudice to Plaintiff's right to supplement or amend discovery responses pursuant to the terms of the Federal Rules of Civil Procedure, or introduce at trial any evidence

that is subsequently discovered relating to proof of presently known facts and to produce and introduce all evidence whenever discovered relating to the proof of subsequently discovered material facts. Moreover, facts, documents and things now known may be imperfectly understood and accordingly, such facts, documents, and things, may not be included in the following responses. Plaintiff reserves the right to reference, discover or offer into evidence at the time of trial any and all facts, documents and things notwithstanding the initial responses and objections interposed herein. Plaintiff further reserves the right to reference, discover, or offer into evidence at the time of trial any and all facts, documents and things which it does not presently recall but may recall at some time in the future.

## DEFINITIONS

The following definitions are incorporated by reference in all of Plaintiff's specific responses and objections to Plaintiff's Answers to Defendants First Set of Interrogatories, Request for Admissions and Requests for Production of Documents:

1.      "Irrelevant" means not relevant to the claims or defenses of any party involved in the pending action and not reasonably calculated to lead to the discovery of evidence admissible as to those issues.

2.      "Impermissibly overbroad" means irrelevant, burdensomely and unnecessary to the extent the set of interrogatories seek: (1) information about individuals or entities not parties to this action; and/or (2) information pertaining to persons' activities and/or events that are outside the scope of the present litigation.

3.      "Vague" means ambiguous or not specified with reasonable particularity.

4.      "Unduly burdensome and oppressive" means that: (1) it is impossible to produce such document or information in a complete and sufficient manner without making a complex or

2

onerous investigation; (2) the collection or reproduction of such document or information is financially burdensome or unfeasible; or (3) the document or information sought has been previously produced to a party within this action and served upon every attorney involved in the litigation.

5.    "Not discoverable" means outside of the scope of the present litigation because it is either, and/or irrelevant, impermissibly overbroad and/or vague.

6.    "Defendants" mean the named individuals in the caption of the complaint.

## GENERAL OBJECTIONS

1.    Plaintiff objects to Defendant's interrogatories on the grounds that they seek disclosure of information protected by the attorney-client, work product, and self-critical analysis privileges. To the extent that Plaintiff inadvertently discloses information that may arguably be protected from discovery under attorney-client privileged the work product doctrine, the self-critical analysis privileged or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

2.    Plaintiff objects to Defendant's interrogatories to the extent that Defendants' definitions and instructions purport to impose requirements beyond the Federal Rules of Civil Procedure anchor purport to give meaning to terms beyond Plaintiff's normal connotation.

3.    Plaintiff objects to Defendant's interrogatories insofar as they seek information concerning matters unrelated to the subject matter of this lawsuit, on the ground that it is overly broad, unduly burdensomely and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Plaintiff objects to Defendant's interrogatories to the extent that they are not limited in time frame and are overly broad and unduly burdensome because they are more than inclusive

3

of the relevant time period at issue in this case.

5.    Plaintiff objects to Defendant's interrogatories to the extent that they call for information that is not currently in her possession, custody, or control.

6.    The responses set forth below are made without in any manner waiving (a) the right to object to the use of any response for any purpose in this action or any other actions, on the grounds of privilege, relevance materiality, or any other appropriate grounds; and (b) the right to revised corrects supplement, or clarify any of the responses provided below at any time.

These General Objections are applicable to each and every one of the following responses and objections, and failure to repeat an objection in response to a specific request is not a waiver of the objection. Further, when Plaintiff specifically repeats one or more of these general objections in response to a specific interrogatory, such specific response is not a waiver of these general objections.

Subject to and without waiving these general objections, and subject to and without waiving the specific objections noted below, Plaintiff responds as follows:

## INTERROGATORRIES

**INTERROGATORY 1**

1. As to the person who answers these Interrogatories state:

a. Your full name, including your two last names and any nickname;

b. Physical and postal address, as well as a telephone number where you can be contacted.

c. Identify the following circumstances if you exercise any profession, work or business: (i) nature, type or classification of profession, work or business; (ii) exact name and address of your place of business; (iii) if you are an employee, state the name of your employer as well as the exact address of your current job.

4

d. State your relationship with USAT.

**RESPONSE:**

a. Joffre E. Gómez Frontera

b.  3B3 Santa Ana Apartment, San Juan, Puerto Rico Zip Code: 00927.  Cel: 787-207-2127.

c. No I do not excessive any profession and currently I have no active business.

d. I am former student at USAT.

**INTERROGATORY 2**

State the basis for your statement at paragraph 2 of the Third Amended Complaint (the "Complaint") to the effect that Cabrera was an officer and director of USAT and submit all documents in support thereof

**RESPONSE:**

I did not have much interaction with Cabrera. Nevertheless, as a basic science student I was told by the other students, including the Plaintiffs, Cabrera worked for USAT related to clinical rotations. I believe the other students have more information about Cabrera than I.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 3**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff identifies the following individuals who may have discoverable information

5

and may be used to support the Plaintiff's theories:

1.    Sujeil Peña-Torres ("Peña") -

a.    Peña must be contacted through the undersigned counsel.

b.    Peña was a student applicant and student of the USAT PR Branch.

c.    Peña has personal knowledge of the facts alleged in the Complaint. In summary, Peña has personal knowledge as to: 1) how the Plaintiffs are medical students whom applied and studied at the Puerto Rico Branch ("PR Branch") of the University of Science, Arts and Tech a/k/a USAT a/k/a Medical College of London a/k/a Malina Medical College a/k/a Metropolitan Innovative Group, Inc a/k/a USAT Montserrat LLC (jointly referred as "USAT"), 2) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 3) how USAT was composed by the joint owners of USAT, who are Orien L. Tulp ("Tulp") and Carla M. Konyk ("Konyk")  Manuel José Ortiz-Bustillo ("Ortiz"), Yanire Bustillo ("Bustillo"), Daniela Cabrera-Pujadas ("Cabrera") and Karen Baldwin ("Baldwin") (jointly referred as "USAT Officers"), amongst other unknown persons. 3) how USAT and the USAT Officers (jointly "Defendants") violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC sec. 1961, *et seq.* because the Defendants caused injuries to the Plaintiffs and various other medical students ("RICO victims") because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from banking institutions ("Banks") that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 4) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false

representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though the RICO victims would later not be allowed to take medical examinations from United States Regulatory Agencies ("Regulatory Agencies"), 5) how the USAT officers were part of an enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from Regulatory Agencies because USAT was not licensed and certified, 6) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 7) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to

7

take any medical examinations of the Regulatory Agencies such as the Educational Commission for Foreign Medical Graduates ("ECFMG") because USAT is not considered a licensed and certified medical school in the United States, 8) how these patterns of fraudulent activities incurred by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 9) any other matter deemed necessary that arises from the facts alleged in the Complaint.

2.      Jose E. Blasco-Jusino ("Blasco") -

a.      Blasco must be contacted through the undersigned counsel.

b.      Blasco was a student applicant and student of the USAT PR Branch.

c.      Blasco has personal knowledge of the facts alleged in the Complaint. In summary, Blasco has personal knowledge as to: 1) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 2) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 3) how USAT was composed by the USAT Officers, amongst other unknown persons. 3) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 4) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though

the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 5) how the USAT officers were part of an enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from Regulatory Agencies because USAT was not licensed and certified, 6) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 7) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 8) how these patterns of fraudulent activities incurred

9

by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 9) any other matter deemed necessary that arises from the facts alleged in the Complaint.

        3.      Lucero Rodriguez-Fernández ("Rodriguez") -

a.      Rodriguez must be contacted through the undersigned counsel.

b.      Rodriguez was a student applicant and student of the USAT PR Branch.

c.      Rodriguez has personal knowledge of the facts alleged in the Complaint. In summary, Rodriguez has personal knowledge as to: 1) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 2) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 3) how USAT was composed by the USAT Officers, amongst other unknown persons. 3) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 4) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 5) how the USAT officers were part of an enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations

and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from Regulatory Agencies because USAT was not licensed and certified, 6) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 7) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 8) how these patterns of fraudulent activities incurred by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 9) any other matter deemed necessary that arises from the facts alleged in the Complaint.

4.    Lisa M. Torres-Colon ("Torres") -

a.    Torres must be contacted through the undersigned counsel.

11

b.       Torres was a student applicant and student of the USAT PR Branch.

c.       Torres has personal knowledge of the facts alleged in the Complaint. In summary, Torres has personal knowledge as to: 1) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 2) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 3) how USAT was composed by the USAT Officers, amongst other unknown persons. 3) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 4) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 5) how the USAT officers were part of an enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from

Regulatory Agencies because USAT was not licensed and certified, 6) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 7) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 8) how these patterns of fraudulent activities incurred by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 9) any other matter deemed necessary that arises from the facts alleged in the Complaint.

5.      Joffre E. Gómez-Frontera ("Joffre") -

a.      Joffre must be contacted through the undersigned counsel.

b.      Joffre was a student applicant and student of the USAT PR Branch.

c.      Joffre has personal knowledge of the facts alleged in the Complaint. In summary, Joffre has personal knowledge as to: 1) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 2) how USAT is a foreign medical school from the island

13

of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 3) how USAT was composed by the USAT Officers, amongst other unknown persons. 3) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 4) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 5) how the USAT officers were part of an enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from Regulatory Agencies because USAT was not licensed and certified, 6) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical

14

examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 7) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 8) how these patterns of fraudulent activities incurred by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 9) any other matter deemed necessary that arises from the facts alleged in the Complaint.

6.      Zabdiel A. Nieves-Rivera ("Zabdiel") -

a.      Zabdiel must be contacted through the undersigned counsel.

b.      Zabdiel was a student applicant and student of the USAT PR Branch.

c.      Zabdiel has personal knowledge of the facts alleged in the Complaint. In summary, Zabdiel has personal knowledge as to: 1) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 2) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 3) how USAT was composed by the USAT Officers, amongst other unknown persons. 3) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO

15

victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 4) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 5) how the USAT officers were part of an enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from Regulatory Agencies because USAT was not licensed and certified, 6) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 7) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same

16

false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 8) how these patterns of fraudulent activities incurred by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 9) any other matter deemed necessary that arises from the facts alleged in the Complaint.

7.      Enny de Jesús-Ureña ("Enny") -

a.      Enny must be contacted through the undersigned counsel.

b.      Enny was a student applicant and student of the USAT PR Branch.

c.      Enny has personal knowledge of the facts alleged in the Complaint. In summary, Enny has personal knowledge as to: 1) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 2) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 3) how USAT was composed by the USAT Officers, amongst other unknown persons. 3) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 4) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to

17

actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 5) how the USAT officers were part of an enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from Regulatory Agencies because USAT was not licensed and certified, 6) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 7) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO

18

Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 8) how these patterns of fraudulent activities incurred by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 9) any other matter deemed necessary that arises from the facts alleged in the Complaint.

8.    Loraima M. Rosado-Villafañe ("Loraima") -

a.    Loraima must be contacted through the undersigned counsel.

b.    Loraima was a student applicant and student of the USAT PR Branch.

c.    Loraima has personal knowledge of the facts alleged in the Complaint. In summary, Loraima has personal knowledge as to: 1) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 2) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 3) how USAT was composed by the USAT Officers, amongst other unknown persons. 3) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 4) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in

19

Colorado, even though the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 5) how the USAT officers were part of an enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from Regulatory Agencies because USAT was not licensed and certified, 6) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 7) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 8) how these patterns of fraudulent activities incurred

by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 9) any other matter deemed necessary that arises from the facts alleged in the Complaint.

9.    Paola M. Prosper-Crespo ("Prosper") -

a.    Prosper must be contacted through the undersigned counsel.

b.    Prosper was a student applicant and student of the USAT PR Branch.

c.    Prosper has personal knowledge of the facts alleged in the Complaint. In summary, Prosper has personal knowledge as to: 1) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 2) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 3) how USAT was composed by the USAT Officers, amongst other unknown persons. 3) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 4) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 5) how the USAT officers were part of an enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations

21

and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from Regulatory Agencies because USAT was not licensed and certified, 6) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 7) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 8) how these patterns of fraudulent activities incurred by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 9) any other matter deemed necessary that arises from the facts alleged in the Complaint.

10.    Wendoly M. Vazquez Oliveras ("Vazquez") -

a.    Vazquez must be contacted through the undersigned counsel.

b.      Vazquez was a student applicant and student of the USAT PR Branch.

c.      Vazquez has personal knowledge of the facts alleged in the Complaint. In summary, Vazquez has personal knowledge as to: 1) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 2) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 3) how USAT was composed by the USAT Officers, amongst other unknown persons. 3) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 4) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 5) how the USAT officers were part of an enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations

23

from Regulatory Agencies because USAT was not licensed and certified, 6) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 7) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 8) how these patterns of fraudulent activities incurred by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 9) any other matter deemed necessary that arises from the facts alleged in the Complaint.

11.    Orien L. Tulp ("Tulp") -

a.    Tulp was the Owner and President of USAT.

b.    Tulp has personal knowledge of the facts alleged in the Complaint. In summary, Tulp has personal knowledge as to: 1) how Tulp created USAT in Montserrat, 2) how Tulp created locations within the United States to open USAT branches, 3) how Tulp created USAT branches in Florida, Texas, Maryland, Colorado and Puerto Rico, 4) how Tulp located the main USAT

24

offices in Colorado, 5) how Tulp directed that all student tuition and fee payments be made to the USAT offices in Colorado, 6) how Tulp directed that Konyk handle and receive all Tuition payments, 7) how Tulp directed and delegated to Ortiz as Associate Dean to create and handle the PR branch of USAT, 8) how Ortiz created and structured the USAT branch, 9) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 10) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 11) how USAT was composed by the USAT Officers, amongst other unknown persons, 12) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 13) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 14) how the USAT officers were part of an enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the

RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from Regulatory Agencies because USAT was not licensed and certified, 15) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 16) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 17) how these patterns of fraudulent activities incurred by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 18) any other matter deemed necessary that arises from the facts alleged in the Complaint.

12.    Carla M. Konyk ("Konyk") -

a.    Konyk was the Owner and Vice President of USAT.

b.    Konyk has personal knowledge of the facts alleged in the Complaint. In summary, Konyk has personal knowledge as to: 1) how Konyk created USAT in Montserrat, 2) how Konyk

26

created locations within the United States to open USAT branches, 3) how Konyk created USAT branches in Florida, Texas, Maryland, Colorado and Puerto Rico, 4) how Konyk located the main USAT offices in Colorado, 5) how Konyk directed that all student tuition and fee payments be made to the USAT offices in Colorado, 6) how Konyk handle and receive all Tuition payments, 7) how Konyk directed and delegated to Ortiz as Associate Dean to create and handle the PR branch of USAT, 8) how Ortiz created and structured the USAT branch, 9) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 10) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 11) how USAT was composed by the USAT Officers, amongst other unknown persons, 12) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 13) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 14) how the USAT officers were part of an enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations and continue to collect wire transfer payments from Banks based on the false representations that

27

they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from Regulatory Agencies because USAT was not licensed and certified, 15) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 16) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 17) how these patterns of fraudulent activities incurred by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 18) any other matter deemed necessary that arises from the facts alleged in the Complaint.

13.    Manuel José Ortiz-Bustillo ("Ortiz") -

a.    Ortiz was the Associate Dean of the PR Branch of USAT.

28

b.      Ortiz has personal knowledge of the facts alleged in the Complaint. In summary, Ortiz has personal knowledge as to: 1) how Ortiz was originally a student of USAT, 2) how Ortiz reached and agreement with Tulp to create the PR Branch of USAT, 3) how Ortiz coordinated with Tulp and Konyk who were located the main USAT offices in Colorado, 4) how Ortiz directed that all student tuition and fee payments be made to the USAT offices in Colorado, 5) how Ortiz handle and receive all Tuition payments, 6) how Tulp & Konyk directed and delegated to Ortiz as Associate Dean to create and handle the PR branch of USAT, 7) how Ortiz created and structured the USAT branch, 8) how Ortiz recruited students to apply to the USAT branch, 9) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 10) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 11) how USAT was composed by the USAT Officers, amongst other unknown persons, 12) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 13) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 14) how the USAT officers were part of an

29

enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from Regulatory Agencies because USAT was not licensed and certified, 15) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 16) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 17) how these patterns of fraudulent activities incurred by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 18) any other matter deemed necessary that arises from the facts alleged in the Complaint.

14.    Yanire Bustillo ("Bustillo") -

a.    Bustillo was an employee of the PR Branch of USAT.

b.    Bustillo has personal knowledge of the facts alleged in the Complaint. In summary, Bustillo has personal knowledge as to: 1) how Bustillo worked as an employee of the PR Branch of USAT, 2) how Bustillo coordinated with Konyk who was located the main USAT offices in Colorado, 3) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 4) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 5) how USAT was composed by the USAT Officers, amongst other unknown persons. 6) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 7) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 8) how the USAT officers were part of an enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and

31

certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from Regulatory Agencies because USAT was not licensed and certified, 9) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 10) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 11) how these patterns of fraudulent activities incurred by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 12) any other matter deemed necessary that arises from the facts alleged in the Complaint.

15.     Daniela Cabrera-Pujadas ("Cabrera") -

a.     Cabrera was an employee of the PR Branch of USAT.

32

b.      Cabrera has personal knowledge of the facts alleged in the Complaint. In summary, Cabrera has personal knowledge as to: 1) how Cabrera and Ortiz coordinated with Tulp and Konyk who were located the main USAT offices in Colorado, 4) how Cabrera and Ortiz directed that all student tuition and fee payments be made to the USAT offices in Colorado, 5) how Cabrera and Ortiz handle and receive all Tuition payments, 6) how Tulp & Konyk directed and delegated to Ortiz as Associate Dean to create and handle the PR branch of USAT, 7) how Ortiz created and structured the USAT branch, 8) how Cabrera and Ortiz recruited students to apply to the USAT branch, 9) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 10) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 11) how USAT was composed by the USAT Officers, amongst other unknown persons, 12) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 13) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 14) how the USAT officers were part of an enterprise because their purpose was to continue to recruit

33

the Plaintiffs and other RICO victims under false representations and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from Regulatory Agencies because USAT was not licensed and certified, 15) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 16) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 17) how these patterns of fraudulent activities incurred by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 18) any other matter deemed necessary that arises from the facts alleged in the Complaint.

16.    Karen Baldwin ("Baldwin") -

34

a.      Baldwin was an employee of USAT.

b.      Baldwin has personal knowledge of the facts alleged in the Complaint. In summary, Baldwin has personal knowledge as to: 1) how Baldwin worked as an employee of USAT, 2) how Baldwin worked with USAT from the main USAT offices in Colorado, 3) how the Plaintiffs are medical students whom applied and studied at the PR Branch of the USAT, 4) how USAT is a foreign medical school from the island of Montserrat that did not have any licenses or certifications to provide medical school education to any persons within the United States, 5) how USAT was composed by the USAT Officers, amongst other unknown persons. 6) how Defendants violated RICO because the Defendants caused injuries to the RICO victims because they received money from the RICO victims, including Plaintiffs, whom also would incur in loans from Banks that would be given directly to the Defendants based on the false representation that they could provide medical school education to any persons within the United States when in fact they couldn't, 7) how the USAT Officers participated jointly in the operation and management of the enterprise, USAT, by continuing to actively recruit RICO victims, including the Plaintiffs based on the false representations that they could provide medical education within the United States when they were not certified to do so and by collecting payments from the prospective RICO victims whom would take loans from Banks, wire transferring said loans directly to Defendants bank accounts in Colorado, even though the RICO victims would later not be allowed to take medical examinations from Regulatory Agencies, 8) how the USAT officers were part of an enterprise because their purpose was to continue to recruit the Plaintiffs and other RICO victims under false representations and continue to collect wire transfer payments from Banks based on the false representations that they were licensed and certified to provide medical education, the USAT officers met at various times to actively recruit and collect money from the Plaintiffs, the RICO victims and Banks, even

35

though the Plaintiffs and other RICO victims would not be allowed to take medical examinations from Regulatory Agencies because USAT was not licensed and certified, 9) how the Defendants continued to recruit RICO victims, including the Plaintiffs, under the false representations that they were licensed and certified to provide medical education in the United States when in reality they were not licensed or certified and the RICO victims were unable to take any medical examinations from Regulatory Agencies because the Defendants were not licensed and certified to provide said medical education, 10) how during approximately two years, 2071 and 2018, the Defendants falsely represented to the Plaintiffs and RICO victims that they could pay for the medical school by taking out loans from Banks, such that the Defendants would provide the same false representations to Banks that the Plaintiffs and RICO victims would receive a valid medical education, so that the Banks would wire transfer to USAT accounts at Colorado the loan payments under the false pretense that it was for the payment of the tuition and any other expenses of a licensed and certified medical institution, even though later on the Plaintiffs and other RICO Victims to their surprise would be notified that they were unable to take any medical examinations of the Regulatory Agencies such as the ECFMG because USAT is not considered a licensed and certified medical school in the United States, 11) how these patterns of fraudulent activities incurred by the Defendants caused injuries to the Plaintiffs, such as economic and emotional damage, and 12) any other matter deemed necessary that arises from the facts alleged in the Complaint.

Plaintiff reserves the right to announce any other witnesses during the process of discovery. Plaintiff reserves the right to call any individuals named by the Defendants whose name becomes known through discovery or otherwise. Plaintiff reserves the right to call any individuals to testify for impeachment purposes.

**INTERROGATORY 4**

State the facts supporting your allegations of paragraph 3 of the Complaint

**RESPONSE:**

The USAT and USAT officials violated the RICO Act, because they received approximately forty-five thousand dollars ($45,000) from a loan that I requested from SouthEast Bank. The payment for the student tuition and fees issued to USAT was based on the false representation that they could provide medical education within the United States when they were not certified to do so and later, I was not allowed to take the United States Medical Licensing Examinations.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 5**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 3.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 6**

State the facts supporting your allegations of paragraph 4 of the Complaint.

**RESPONSE:**

37

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 4.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

## INTERROGATORY 7

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

## RESPONSE:

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 3.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

## INTERROGATORY 8

As to paragraph 34 of the Complaint state the nature and extent of Cabrera's contact with you and your interview by her, specifically stating date, time and place of all contacts and interviews in chronological order, narrating what Cabrera told you as to each, including her representations as to USAT.

## RESPONSE:

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 2.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

38

**INTERROGATORY 9**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 3.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 10**

State Cabrera's involvement with the facts alleged in paragraph 35 of the Compliant.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 2.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 11**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 3.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 12**

Separately as to paragraph 36 and 37 of the Complaint, state the specific materials in which the name of Cabrera appears, and the representations made by her in each.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 2.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 13**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons separately as to paragraphs 36, 37 and 38.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 3.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 14**

As to paragraph 38 of the Complaint, state the specific materials in which the name of Cabrera appears, and the representations made by her in each, that induced you to make the decision to apply to USAT, thinking that you were going to receive the education in medicine and

that you would be able to take the United States Medical Licensing Examinations.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 2.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 15**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 3.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 16**

As to paragraph 43 of the Complaint, state Cabrera's participation in the White Coat Ceremony, if any.

**RESPONSE:**

Not applicable. I did not attend the White Coat Ceremony.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 17**

41

As to paragraph 44 of the Complaint, state Cabrera's participation in the facts alleged therein, indicating if Cabrera was located in Colorado.

**RESPONSE:**

All the payments that I made for the PR Branch of USAT were going to Colorado.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 18**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 3.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 19**

As to paragraph 45 of the Complaint, state Cabrera's participation or involvement in the facts alleged therein.

**RESPONSE:**

I was assisted by an USAT official to obtain the student loan. All payments to USAT originated from the student loan I applied for. I did receive e-mails from the Southeast bank in which it reflected that the student loan was obtained and paid to USAT. USAT has in their possession evidence of them receiving the student loans. The payment was sent to Colorado.

42

See Attachments.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 20**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each and state the name of USAT's attorneys.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 3.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 21**

As to paragraph 59 of the Complaint, state Cabrera's participation or involvement in the facts alleged therein.

**RESPONSE:**

I received an email for a conference to discuss the situation about the school and the USMLE but I did not attend. Notwithstanding, there are other witnesses, such as the Plaintiffs or Defendants, that did participate in the conference and have personal knowledge.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 22**

Identify all persons who may have personal knowledge of the facts referred to in your

43

answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 3.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 23**

As to paragraph 60 of the Complaint, state to whom the communications referred to therein were forwarded and by whom as to each communication and submit copies thereof.

**RESPONSE:**

I received emails related to the lack of eligibility for the United States Medical Licensing Examination, for students who expect to graduate after January 1, 2019, as in my case.

See Attachments.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 24**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is being repetitive. Please refer to the previous Answer of Interrogatory 3.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

## INTERROGATORY 25

As to paragraph 61 of the Complaint, state Cabrera's participation and/or involvement in the allegations set forth therein.

## RESPONSE:

I received an email with instructions that we do not send additional information to ECFMG and to send all information regarding ECFMG to Karla Konyk.

See Attachments.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

## INTERROGATORY 26

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

## RESPONSE:

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

## INTERROGATORY 27

As to paragraph 65 of the Complaint, what were the false representations made by Cabrera

45

to you, chronologically stating the time and date thereof and their nature.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

Notwithstanding the objection above, I tried to transfer to other Medical Schools with my USAT credits but none of the medical schools accepted the same. I must restart my medical education again because of the false representations made by the USAT Officials. At this moment I am still in the process of applying to other medical schools.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 28**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 29**

As to paragraph 68 of the Complaint, state chronologically by time and date Cabrera's

46

participation and/ or involvement in the false representations by mail and wire representing that USAT would provide a valid medical education to you and that you would be able to take the United States Medial Licensing Examinations, setting forth the nature thereof, and submit copies thereof.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 30**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 31**

As to paragraph 71 of the Complaint, chronologically by time and date indicate all payments made by you to Cabrera and submit copies thereof.

47

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 32**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 33**

As to paragraph 72 of the Complaint, state how you were fraudulently induced by Cabrera into applying, studying and paying for a medical education at the USAT PR Branch.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

48

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 34**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 35**

As to paragraph 73 of the Complaint, state how Cabrera orchestrated the scheme to defraud with the knowledge to deceive you by means of false or fraudulent pretenses, representations, promises or other deceptive conduct.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 36**

49

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 37**

As to paragraph 74 of the Complaint, state how Cabrera falsely represented that the "satellite" schools were licensed and certified to assist you to be eligible for the medical licensing examinations.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 38**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

50

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 39**

As to paragraph 75 of the Complaint, state how Cabrera knowingly and frequently used interstate mail and wire transfer in furtherance of a fraudulent scheme and submit copies thereof.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 40**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

51

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 41**

As to paragraph 76 of the Complaint, state how Cabrera requested payments for the "medical education" via interstate mail and wire transfer, requesting that all payments be made to USAT at the Colorado office, inducing you and other RICO Victims to understand that you were paying for a proper medical education because USAT had its proper licenses and certification and submit copy thereof.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 42**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory,

in order to include any other newly discovered evidence.

**INTERROGATORY 43**

As to paragraph 77 of the Complaint, state how Cabrera directed mail and interstate wire transfers with Banks in furtherance of scheme and submit copies thereof.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 44**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 45**

As to paragraph 78 of the Complaint, state how Cabrera requested that the Banks give you and other RICO Victims student loans to pay for the USAT PR Branch medical education.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 46**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 47**

As to paragraph 79 of the Complaint, state how Cabrera fabricated certain costs and expenses when directing invoices to you and the other RICO Victims, demanding more payment for additional services for the "medical education" and submit copies thereof.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no

more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 48**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 49**

As to paragraph 80 of the Complaint, based on the above-mentioned facts, state how Cabrera incurred in fraudulent acts in violation of RICO.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 50**

55

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 51**

As to paragraph 94 of the Complaint, indicate how Cabrera falls in the definition of an enterprise as defined by RICO.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 52**

As to paragraph 95 of the Complaint, state in detail in chronological sequence Cabrera's involvement and/or participation in the allegations of said paragraph.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33

56

of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 53**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 54**

As to paragraph 97 of the Complaint, state in detail in chronological sequence Cabrera's involvement and/or participation in the allegations of said paragraph.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

57

**INTERROGATORY 55**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 56**

As to paragraph 98 of the Complaint, state in detail in chronological sequence Cabrera's involvement and/or participation in the allegations of said paragraph.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 57**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 58**

As to paragraph 100 of the Complaint, itemize the damages claimed by you.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

Notwithstanding the objection, I suffered economic damages because I was induced by the false representations of USAT Officials that I was able to obtain a medical education in Puerto Rico in order to take the USMLE. Based on those false representations, I had to spend on expenses to be able to live near the school in San Juan, PR., apartment expenses, apartment electricity, gasoline, car expenses, food, laundry, personal items, among others. Additionally, I also paid USAT student tuition and fees. In order to pay for the USAT tuition, fees and the expenses incurred to live near the school, I obtained a student loan of approximately forty-five thousand dollars ($45,000.00). I paid the living expenses and USAT expenses using the student loan obtained from Southeast Bank, which is a loan that I still have to pay. I would not have incurred in this loan of approximately forty-five thousand dollars ($45,000.00) if I had knowledge that USAT was not authorized to operate a medical school in Puerto Rico. Because I was having issues in transferring my USAT transcripts and credits to other medical schools, I was forced to apply to another degree

59

where I had to incur in additional loans to be able to pay.

I suffered emotional damages when I found out that USAT was not authorized to operate a medical school in Puerto Rico, and that I had to repeat all my classes in a new medical school. I received professional help from a psychiatrist to deal with my depression and anxiety.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 59**

As to paragraph 103 of the Complaint, state how Cabrera obtained your consent to enter into an agreement with USAT through deceptive means.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 60**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 61**

As to paragraph 104 of the Complaint, state how Cabrera used false words and/or insidious machinations, describing each, to induce you to enter into an agreement with USAT, which without the existence of false words and insidious machination you would not have entered in the agreement.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 62**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 63**

As to paragraph 105 of the Complaint, state how Cabrera knowingly did not disclose to you the lack of licenses and credentials of the USAT PR Branch and that USAT did not comply with rules pursuant to ECFMG.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 64**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 65**

As to paragraph 106 of the Complaint, state how Cabrera falsely represented to you the costs and expenses taken during the USAT PR Branch community.

62

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 66**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE**:

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 67**

As to paragraph 107 of the Complaint, state how Cabrera entered into a valid contract with you.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 68**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 69**

As to paragraph 108 of the Complaint, state how a valid contract exists because you and Cabrera consented to bind yourselves with regard to one another, in which you would pay Cabrera a sum amount of money in exchange for services.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 70**

64

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 71**

As to paragraph 109 of the Complaint, how as a result of Cabrera's fraudulent inducement, or in the alternative, breach of contract, and the nature thereof Cabrera is liable for compensatory, statutory, treble and liquidated damages pursuant to RICO, 18 USC 1962, et seq.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 72**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 73**

As to paragraph 112 of the Complaint, state how Cabrera's actions constitute an act or omission which caused damage to you.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 74**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 75**

As to paragraph 113 of the Complaint, state how Cabrera is liable to you pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 LPRA sec. 5141.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 76**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 77**

As to paragraph 121 of the Complaint, state how Cabrera is jointly and severally liable to

67

for negligent and intentional tort actions.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 78**

Identify all persons who may have personal knowledge of the facts referred to in your answer to the preceding interrogatory, setting forth the particulars of those facts as to each such persons.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

**INTERROGATORY 79**

As to paragraph 122 of the Complaint, itemize the damages claimed by you.

**RESPONSE:**

The Plaintiff objects to this interrogatory on the grounds that it is in violation of Rule 33 of the Federal Rules of Civil Procedure which states that a party may serve on any other party no more than 25 written interrogatories.

Notwithstanding the objection, I suffered economic damages because I was induced by the false representations of USAT Officials that I was able to obtain a medical education in Puerto Rico in order to take the USMLE. Based on those false representations, I had to spend on expenses to be able to live near the school in San Juan, PR., apartment expenses, apartment electricity, gasoline, car expenses, food, laundry, personal items, among others. Additionally, I also paid USAT student tuition and fees. In order to pay for the USAT tuition, fees and the expenses incurred to live near the school, I obtained a student loan of approximately forty-five thousand dollars ($45,000.00). I paid the living expenses and USAT expenses using the student loan obtained from Southeast Bank, which is a loan that I still have to pay. I would not have incurred in this loan of approximately forty-five thousand dollars ($45,000.00) if I had knowledge that USAT was not authorized to operate a medical school in Puerto Rico. Because I was having issues in transferring my USAT transcripts and credits to other medical schools, I was forced to apply to another degree where I had to incur in additional loans to be able to pay.

I suffered emotional damages when I found out that USAT was not authorized to operate a medical school in Puerto Rico, and that I had to repeat all my classes in a new medical school. I received professional help from a psychiatrist to deal with my depression and anxiety.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

Pursuant to 28 U.S.C. Sec. 1746, I state, under penalty of perjury, that after reviewing the foregoing answers with my attorney, who assisted me with the translation of the English Questions and my Spanish Answers to English, the foregoing answers are true and correct.

In San Juan, Puerto Rico, on this ___ day of May, 2023.

_____
JOFFRE E. GOMEZ FRONTERA

69

false representations of USAT Officials that I was able to obtain a medical education in Puerto Rico in order to take the USMLE. Based on those false representations, I had to spend on expenses to be able to live near the school in San Juan, PR., apartment expenses, apartment electricity, gasoline, car expenses, food, laundry, personal items, among others. Additionally, I also paid USAT student tuition and fees. In order to pay for the USAT tuition, fees and the expenses incurred to live near the school, I obtained a student loan of approximately forty-five thousand dollars ($45,000.00). I paid the living expenses and USAT expenses using the student loan obtained from Southeast Bank, which is a loan that I still have to pay. I would not have incurred in this loan of approximately forty-five thousand dollars ($45,000.00) if I had knowledge that USAT was not authorized to operate a medical school in Puerto Rico. Because I was having issues in transferring my USAT transcripts and credits to other medical schools, I was forced to apply to another degree where I had to incur in additional loans to be able to pay.

I suffered emotional damages when I found out that USAT was not authorized to operate a medical school in Puerto Rico, and that I had to repeat all my classes in a new medical school. I received professional help from a psychiatrist to deal with my depression and anxiety.

The Plaintiff reserves the right to supplement or amend this Response to the Interrogatory, in order to include any other newly discovered evidence.

Pursuant to 28 U.S.C. Sec. 1746, I state, under penalty of perjury, that after reviewing the foregoing answers with my attorney, who assisted me with the translation of the English Questions and my Spanish Answers to English, the foregoing answers are true and correct.

In San Juan, Puerto Rico, on this  28  day of May, 2023.

*Joffre E. Gomez Frontera*
_____
JOFFRE E. GOMEZ FRONTERA

69

**I HEREBY CERTIFY** that on this same date a true copy of this Answer to First Set of Interrogatories and Request for Production of Documents has been sent to Defendants' counsels.

In San Juan, Puerto Rico, on this **28** day of May, 2023.

*/S/VICTOR M. RIVERA-RIOS*
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Telephone: (787) 727-5710
Facsimile: (787) 268-1835
Mobile: (787) 565-3477
E-Mail: victorriverarios@rcrtrblaw.com
        info.vrr@rcrtrblaw.com

Acceptance letter:



**UNIVERSITY OF SCIENCE, ARTS & TECHNOLOGY**

PO Box 364363, San Juan, PR 00936-4363
598 Ave. Barbosa, Esq. Calle Guayama, San Juan, PR 00919
Tel. (787) 300-2111    Fax (787) 300-2049
www.usat.edu

*Office of the Registrar*

June 01, 2018

Re: Admission to MD Program

Dear Joffre Gomez Frontera :

Congratulations! On behalf of the Admissions Committee it is my pleasure to conditionally offer you a place to the MD program at the University of Science, Arts and Technology pending the submission of your official transcripts from institutions attended. This is typically a 4 years program of scientific and medical education, which includes not less than 6 semesters of basic medical sciences refreshers and updates as well as up to 2 academic years of clinical training in hospitals and clinics in various locations. You have conditionally been offered admission with advanced standing starting with a projected minimum of **11 semesters** to graduate based on your previous education and qualifications.

The tuition for the MD program is currently USD $6,495.00 per semester plus the following one-time fees, (Government) Matriculation fee (USD $600), Anatomy Lab fee (USD $895.00/lab), Graduation fee of (USD $900.00), other fees include: Medical Student Malpractice Insurance fee (USD $995.00 per year), Clinical fee ($690 per semester) and a Technology fee (USD $710.00 per year). The University will require official transcripts or validated copies of all college, university, postgraduate courses and undergraduate studies, if not previously submitted, within 6 weeks of receiving this acceptance letter so that maximum transfer credit may be computed and authenticated. The transcripts and records should be submitted to the USAT Admission Department, PO Box 364363, San Juan, Puerto Rico USA 00936-4363. We will then house them in a secure database where permanent academic records are maintained.

We look forward to your matriculation at our University and your progression through the MD program. Congratulations again on your acceptance to the University of Science, Arts and Technology.

Kindest Regards,

**Emails from the Bank-Disbursement dates:**



**answers@campusdoor.com**
para mi

18 jun. 2018 16:24

文A inglés ▾    >    español ▾    Traducir mensaje

Desactivar para: inglés ✕

06/18/2018

Joffre E Gomez
Apt 4620
Maricao, TX 00606

RE: Application Identification Number 5001924266-01

Dear Joffre E Gomez

Congratulations on your education loan approval!

We have created a Final Disclosure which sets forth the final terms of your loan and saved it to your account and, if applicable, your cosigner's account. Please carefully review this disclosure because it sets forth the final terms of your loan. Note that if you or your cosigner, if applicable, requested any reduction in your loan amount, it will be reflected in the Final Disclosure.

Unless you or your cosigner, if applicable, contact us to cancel the loan by the date set forth on the first page of the Final Disclosure, we will disburse your loan funds to your school as set forth below:

| Disbursement Date | Disbursement Amount |
| --- | --- |
| 7/16/2018 | $15,000.00 |
| 11/15/2018 | $15,000.00 |
| 3/15/2019 | $15,000.00 |



The only deposit I received:

August 10, 2018-$7,305.00

September 12, 2018-$10,000





Emails that I've been sending and they do not answer to Carla Konyk(Vice President, Director of Administtration) and Mary D. Hickling(Registrar) (Feb 2019):



I studied only 2 semester.

# UNIVERSITY OF SCIENCE, ARTS & TECHNOLOGY, PR

PO Box 364363, San Juan, PR 00936-4363
598 Ave. Barbosa, Esq. Calle Guayama, San Juan, PR  00919
Tel. (787) 300-2111    Fax (787) 300-2049
www.usat.edu

*Office of the Dean*

## USAT-PR Tuition & Fee Schedule

| EDUCATION COST | BASIC SCIENCES | | CLINICAL SCIENCES | |
|---|---|---|---|---|
| | First Year | Second Year | Third Year | Fourth Year |
| **Tuition*** (3 per year) | $19,485 | $19,485 | $19,485 | $19,485 |
| **Fees:** | | | | |
| Technology Fee | 710 | 710 | 710 | 710 |
| Clerkship Fee ($690 each) | - | - | 2,070 | 2,070 |
| Mal-Practice Insurance | - | - | 995 | 995 |
| Student Activity Fee | 75 | 75 | 75 | 75 |
| Maintenance Fee | 95 | 95 | 95 | 95 |
| Graduation Fee | - | - | - | 900 |
| **Total** | **$20,365** | **$20,365** | **$23,430** | **$24,330** |

NOTES:
(*) Includes: Three semesters per year of $6,495.

The following one-time fees are due at the moment of admission and are not included above:

    a.   Application Fee............$125
    b.   Matriculation Fee......... $600
    c.   Anatomy Lab Fee..........$895

The Government Matriculation fee of $600.00 must be paid before a student can begin the program and receive educational credits or attend anatomy labs.

## ALL STUDENT ACCOUNT BALANCES MUST BE PAID IN FULL BEFORE GRADUATION COMMENCEMENT

After graduation, all students with a zero-balance due will receive 2 sets of their University transcripts at no charge. No degrees or transcripts will be released if there is still a balance due. After the initial sets of transcripts, the student will be charged $25.00 per set. Transcript fees must be paid before the transcripts are sent with no exceptions.

**\*\*If you are planning to transfer and immediately begin clinical rotations these fees must be paid in full before you will be allowed to begin your clinical rotations.\*\***

Please retain a copy of this schedule for your reference.
I hereby understand and agree to the terms of the fee schedule and acknowledge reading this document and receiving a copy.

Printed Name: _____

Signature: _____Date:_____

*The University of Science, Arts & Technology does not discriminate on the basis of race, creed, color, sex, sexual orientation, gender identity, national origin, disability or religion in it's programs, activities or employment practices.*



December 10, 2022

# INTEREST NOTICE

**Name: JOFFRE E GOMEZ**
**Account Number: 91 9600 2648**

| Interest Summary | |
| --- | --- |
| Total Outstanding Interest | $17,059.37 |
| Pay By | 12/31/2022 |

## YOUR LOAN DETAILS

| Loan Seq | Date Disbursed | Loan Program | Current Owner | Status | Current Balance | Interest Rate | Anticipated Capitalization Date | Anticipated Interest to be Capitalized** | Total Outstanding Interest |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1001 | 07/13/2018 | EDMD16 | SOUTHEAST BANK | In School | $46,237.50 | 10.550% | 01/05/2023 | $17,059.37 | $17,059.37 |

Your loans are currently not in a repayment status. You will receive specific repayment details, including the repayment term, once your loans are closer to entering a repayment status.

**This is not a bill**
The **Total Outstanding Interest** is the amount of interest as of the **Pay By** date listed in the Interest Summary section.

**The Anticipated Interest to be Capitalized is the total amount of interest that may capitalize (be added to your principal balance) at the end of your current status if you do not make a payment to satisfy the full amount by the applicable **Anticipated Capitalization Date**. If your current status does not cause interest to be capitalized (such as a non-capping forbearance or if the terms of your loan agreement prohibit interest capitalization), interest will remain outstanding when the loan enters back into repayment and you are responsible for paying this interest. Please keep in mind, this interest could eventually capitalize depending on any subsequent adjustments made to your account, such as the approval of another deferment or forbearance. You will pay more over time since you will be accruing interest on a higher loan balance.

**Would you rather receive this statement electronically?**
Sign in to Account Access at aesSuccess.org and update your Account Profile preferences if you would prefer that we send you an email reminder instead of a paper statement.

---

**Make checks payable to American Education Services and include your 10 digit account number.**
**Customer Statement**
Amount Enclosed: Do not write dollar sign $ in boxes below or on check. See last page of statement for details on how to provide payment instructions.
Account Number:

91 9600 2648

$ 

Total Outstanding Interest:

$17,059.37

2022344019196002648100170593700000000000000004



#BWNDHKB
#B220 2615 7812 10L8#
JOFFRE E GOMEZ
RR 1 BOX 4620
MARICAO PR 00606-9801

AMERICAN EDUCATION SERVICES
P.O. BOX 65093
BALTIMORE, MD 21264-5093

C,,BRLP



American Education Services



**TAX** YOUR **TAX INFO IS NOW ONLINE!**
Available online by the end of January at
**aesSuccess.org/Tax**

March 10, 2023

# INTEREST NOTICE

| Interest Summary | |
|---|---|
| Total Outstanding Interest | $18,393.29 |
| Pay By | 03/31/2023 |

**Name: JOFFRE E GOMEZ**
**Account Number: 91 9600 2648**

### Save Time and Money at **aesSuccess.org**
- Make Payments
- Explore Repayment Plan Options
- Update Contact Information
- Review Account History
- Go Paperless

### Questions
For questions related to your billing statement: aesSuccess.org

For any other questions:
Visit aesSuccess.org or call us toll-free at 800-233-0557; TTY: Dial 711; Mon-Fri 7:30 a.m. to 9 p.m. (EST).

**You can also send a secure email through your online account, Account Access.**



### Attention Servicemembers
Learn about the benefits that you may be eligible for, including the Servicemembers Civil Relief Act (SCRA), at aesSuccess.org/Servicemembers.

**Rather receive this statement electronically?** Sign in to Account Access at aesSuccess.org and update your Account Profile preferences if you would prefer that we send you an email reminder instead of a paper statement.

**Make checks payable to American Education Services and include your 10 digit account number.**
**Customer Statement**
Amount Enclosed: Do not write dollar sign $ in boxes below or on check. See last page of statement for details on how to provide payment instructions.
Account Number:

91 9600 2648

$

Total Outstanding Interest:

$18,393.29

20230690191960026481001839329000000000000000008



#BWNDHKB
#B220 2615 7803 10L9#
JOFFRE E GOMEZ
RR 1 BOX 4620
MARICAO PR 00606-9801

AMERICAN EDUCATION SERVICES
P.O. BOX 65093
BALTIMORE, MD 21264-5093

C,,BRLP

## YOUR LOAN DETAILS

| Loan Seq | Date Disbursed | Loan Program | Current Owner | Status | Current Balance | Interest Rate | Anticipated Capitalization Date | Anticipated interest to be Capitalized** | Total Outstanding Interest |
|---|---|---|---|---|---|---|---|---|---|
| 1001 | 07/13/2018 | EDMD16 | SOUTHEAST BANK | Grace | $46,237.50 | 11.700% | 06/18/2023 | $18,393.29 | $18,393.29 |

Your loans are currently not in a repayment status. You will receive specific repayment details, including the repayment term, once your loans are closer to entering a repayment status.

**This is not a bill**

The **Total Outstanding Interest** is the amount of interest as of the **Pay By** date listed in the Interest Summary section.

**The Anticipated Interest to be Capitalized is the total amount of interest that may capitalize (be added to your principal balance) at the end of your current status if you do not make a payment to satisfy the full amount by the applicable **Anticipated Capitalization Date**. If your current status does not cause interest to be capitalized (such as a non-capping forbearance or if the terms of your loan agreement prohibit interest capitalization), interest will remain outstanding when the loan enters back into repayment and you are responsible for paying this interest. Please keep in mind, this interest could eventually capitalize depending on any subsequent adjustments made to your account, such as the approval of another deferment or forbearance. You will pay more over time since you will be accruing interest on a higher loan balance.

## ADDITIONAL LOAN DETAILS

| Loan Sequence | Date Disbursed | Loan Program | Amount Loan Balance Has Increased Since Last Statement |
|---|---|---|---|
| 1001 | 07/13/2018 | EDMD16 | $0.00 |

For information regarding the Annual Percentage Rate (APR) associated with your loan(s), please refer to documentation provided by your loan's originator at the time of origination.



June 9, 2021

# INTEREST NOTICE

**Name:** JOFFRE E GOMEZ
**Account Number:** 91 9600 2648

| Interest Summary | |
|---|---|
| Total Outstanding Interest | $11,397.82 |
| Pay By | 06/30/2021 |

## YOUR LOAN DETAILS

| Loan Seq | Date Disbursed | Loan Program | Current Owner | Status | Current Balance | Interest Rate | Anticipated Capitalization Date | Anticipated Interest to be Capitalized** | Total Outstanding Interest |
|---|---|---|---|---|---|---|---|---|---|
| 1001 | 07/13/2018 | EDMD16 | SOUTHEAST BANK | Grace | $46,237.50 | 7.150% | 09/30/2021 | $11,397.82 | $11,397.82 |

Your loans are currently not in a repayment status. You will receive specific repayment details, including the repayment term, once your loans are closer to entering a repayment status.

### This is not a bill

The **Total Outstanding Interest** is the amount of interest as of the **Pay By** date listed in the Interest Summary section.

**The Anticipated Interest to be Capitalized is the total amount of interest that may capitalize (be added to your principal balance) at the end of your current status if you do not make a payment to satisfy the full amount by the applicable **Anticipated Capitalization Date**. If your current status does not cause interest to be capitalized (such as a non-capping forbearance), interest will remain outstanding when the loan enters back into repayment and you are responsible for paying this interest. Please keep in mind, this interest could eventually capitalize depending on any subsequent adjustments made to your account, such as the approval of another deferment or forbearance. You will pay more over time since you will be accruing interest on a higher loan balance.

## Would you rather receive this statement electronically?

Sign in to Account Access at aesSuccess.org and update your Account Profile preferences if you would prefer that we send you an email reminder instead of a paper statement.

---

**Make checks payable to American Education Services and include your 10 digit account number.**
**Customer Statement**
Amount Enclosed: Do not write dollar sign $ in boxes below or on check. See last page of statement for details on how to provide payment instructions.
Account Number:                                                          Total Outstanding Interest:

91 9600 2648                              $ [          ]              $11,397.82

20211600191960026481001139782000000000000000005



#BWNDHKB
#B220 2615 7806 09L9#
JOFFRE E GOMEZ
RR 1 BOX 4620
MARICAO PR 00606-9801

AMERICAN EDUCATION SERVICES
P.O. BOX 65093
BALTIMORE, MD 21264-5093

C,,BRLP

# USAT


**MONTSERRAT**

**OFFICIAL TRANSCRIPT**

## UNIVERSITY OF SCIENCE, ARTS & TECHNOLOGY, MONTSERRAT

Main Campus,
Camelot Estate, P.O. Box 506, South Mayfield Estate Drive, Olveston, Montserrat,
British West Indies *www.usat.edu*
Admissions Office
5400 Ward Rd., Bldg. 3, Ste.150, Arvada, CO 80002

NAME: Joffre Gomez   I.D.:001- 5351       DOB: 4/28/1995
ADDRESS: RR01 MAILBOX 4620, Maricao, PR 00606
EMAIL: joffre.gomez@usat.edu
PREVIOUS INSTITUTIONS ATTENDED: UNIVERSITY OF HEALTH SCIENCES ANTIGUA (UHSA)

MAJOR: MEDICINE
MATRICULATION DATE: 5/2018
DEGREE SOUGHT: MBBS/MD
Page 1 of 1

| DEPARTMENT | COURSE NR | TOPIC / COURSE TITLE | CREDITS | GRADE | QUALPTS | REMARKS |
|---|---|---|---|---|---|---|
| | | TRANSFERRED FROM UHSA | | | | |
| | HUS | HUMAN STRUCTURE (CLINICAL ANATOMY, EMBRYOLOGY, CELL BIOLOGY, HISTOLOGY & MEDICAL BIOCHEMISTRY) | 16 | TPASS | CR | |
| | HVP | HUMAN VALUES AND PROFESSIONALISM | 4 | TPASS | CR | |
| | CSKI | CLINICAL SKILLS I | 4 | TPASS | CR | |
| | | **CUM TRANSFERRED BASIC SCIENCES** | **24** | **TPASS** | **CR** | |
| | | USAT BASIC SCIENCES | | | | |
| | BSC502 | GROSS ANATOMY II | 6 | A- | 22.2 | |
| | BSC502L | GROSS ANATOMY II LAB | 2 | B+ | 6.6 | |
| | BSC640B | NEUROANATOMY II | 3 | A | 12.0 | |
| | BSC560B | MEDICAL IMAGING II | 3 | A- | 11.1 | |
| | BSC542 | MOLECULAR BIOLOGY | 3 | B+ | 9.9 | |
| | BSC529 | INTRO TO PHYSIOLOGY | 1 | A- | 3.7 | |
| | BSC675 | INTRO TO PHARMACOLOGY | 1 | B+ | 3.3 | |
| | BSC511 | INTRO TO MICROBIOLOGY | 1 | B | 3.0 | |
| | BSC682 | MEDICAL GENETICS | 3 | B- | 8.1 | |
| | TTS600 | TEST TAKING STRATEGIES I | 0.5 | P | CR | |
| | BSC530 | MEDICAL PHYSIOLOGY | 3 | A | 12.0 | |
| | BSC670 | PHARMACOLOGY | 3 | A- | 11.1 | |
| | BSC525 | MICROBIOLOGY AND IMMUNOLOGY | 3 | B+ | 9.9 | |
| | BSC789 | GENERAL PATHOLOGY | 3 | A- | 11.1 | |
| | BSC540 | BIOCHEMISTRY | 3 | A- | 11.1 | |
| | TTS601 | TEST TAKING STRATEGIES II | 0.5 | P | CR | |
| | CSK600 | CLINICAL SKILLS I | 2.5 | A- | 9.3 | |
| | BSC641 | PSYCHOLOGY | 3 | A | 12.0 | |
| | BSC903C | ORGAN SYSTEMS II | 9 | A | 36.0 | |
| | | **CUM USAT BASIC SCIENCES** | **53.5** | **3.66** | **192.4** | |
| | | **CUM GPA** | **77.5** | **3.66** | **192.4** | |

**/////////END OF TRANSCRIPT NOTHING FOLLOWS//////////**

COMMENTS:     WITHDREW DECEMBER 2018

Not Valid if Black and White.     Registrar: _____     Date Issued: _30 April 2015_

USA (FL Cert Nr. L12000078671), Montserrat (Cert Nr. 17-2003).
Member Institution of Med Ed Central, WHO Global Alliance on Healthcare, WDOMS World Medical Schools, ASIC (UK) & IPSP (ITALY), AAHEA. AICP. USAT is IMED/FAIMER list
USAT is an Equal Opportunity Employer. © USAT 2015  www.usat.edu
*Excellence and Professionalism in Research and Education.*                    01/

**⊛ECFMG**®  |  EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

3624 Market Street
Philadelphia PA 19104-2685 USA
215-386-5900 | 215-386-9767 Fax
www.ecfmg.org

## <u>NOTICE OF REJECTED APPLICATION</u>

USMLE®/ECFMG® Identification Number:  1-085-238-2

January 31, 2020

Dr. Joffre Emmanuel Gomez Frontera
Joffre Gomez, B Apartments Santa Ana
Apt 3b
San Juan, PR  00927

Dear Doctor:

The Educational Commission for Foreign Medical Graduates (ECFMG) is unable to process your recent application for the USMLE Step 1  (Application Identification Code 3-945-737-367, on-line part submitted January 22, 2020) for the reason described below.

You indicated that you transferred credits from **University of Science, Arts & Technology (USAT) Faculty of Medicine** to the medical school that awarded/will award your medical degree. However, either you did not submit the transcript from the medical school from which you transferred the credits or, if you did submit the transcript, the transcript does not list the courses exactly as you listed the courses on the application for examination.

Please note ECFMG will not accept an English translation of a transcript without copies of the original language document from which the English translation was prepared.

As stated in the current ECFMG *Information Booklet*, students and graduates who have transferred academic credits to the medical school that awarded or will award their medical degree **must submit a transcript** to document these credits when they apply for examination.

Any document submitted to ECFMG that is not in English must be accompanied by an English translation that meets ECFMG's translation as outlined in the current edition of the ECFMG Information Booklet.

If the name on the transcript does not match exactly the name on your ECFMG record, you must submit legal documentation that verifies that the name on the transcript is (or was) your name. The documentation you send **must** show your name exactly as it appears on your transcript.

See the *ECFMG Information Booklet <http://www.ecfmg.org/pubshome.html>* for acceptable name documentation requirements.

To be registered for Step 1 , you must reapply by submitting a new online application completed in its entirety.

Please be sure to use the USMLE/ECFMG Identification Number listed at the top of this letter on

ECFMG® is an organization committed to promoting excellence in international medical education.

your new application and any future correspondence with ECFMG.

Note, if your application is rejected, the money you had paid for that application will automatically be credited to your ECFMG financial account. Thus, when you apply again using IWA, you may select the "Use my credit towards my total due" option in the payment section of the application.

You may review the current ECFMG *Information Booklet* and USMLE *Bulletin of Information* from the ECFMG website at www.ecfmg.org <http://www.ecfmg.org>.

Should you require further assistance, please contact ECFMG Applicant Information Services at info@ecfmg.org <mailto:info@ecfmg.org> or call (215) 386-5900.


Sincerely,

ECFMG Staff